FILED

2008 JUL -1 PM 2:02

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

_____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACIE LEE GOUDLOCK, JR., CDCR #P-34125, <br><br> Plaintiff, <br><br> vs. <br><br> ROBERT HERNANDEZ, Warden; SILVIA H. GARCIA, Associate Warden; THOMPSON, Correctional Officer; UNKNOWN, Correctional Officer, <br><br> Defendants. | Civil No.   08cv0204 BEN (RBB) <br><br> **ORDER:** <br><br> **(1) GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*, IMPOSING NO INITIAL PARTIAL FILING FEE AND GARNISHING $350.00 FROM PRISONER'S TRUST ACCOUNT;** <br><br> **(2) DENYING MOTION TO APPOINT COUNSEL WITHOUT PREJUDICE; AND** <br><br> **(3) *SUA SPONTE* DISMISSING COMPLAINT FOR FAILING TO STATE A CLAIM UNDER 28 U.S.C. §§ 1915(e)(2) AND 1915A(b)** |

    Plaintiff Jacie Lee Goudlock, a state prisoner currently incarcerated at the Richard J. Donovan Correctional Facility, has filed a civil rights action under 42 U.S.C. § 1983. Instead of paying the $350.00 filing fee mandated by 28 U.S.C. § 1914(a), he moved to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) [Dkt. No. 4]. He also filed a Motion to Appoint Counsel [Dkt. No. 5]. For the reasons set forth below, the Court grants Plaintiff's Motion to Proceed *In Forma Pauperis*, denies his Motion to Appoint Counsel, and dismisses the Complaint without prejudice and with leave to amend.

I.      **Motion to Proceed *In Forma Pauperis***

All parties instituting any civil action, suit, or proceeding in this Court, except an application for writ of *habeas corpus*, must pay a filing fee of $350.00. 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if the plaintiff obtains leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). After obtaining leave, however, prisoners proceeding *in forma pauperis* remain obligated to pay the entire fee in installments, regardless of whether their action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1)-(2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915, as amended by the Prison Litigation Reform Act (the "PLRA"), further requires that each prisoner seeking leave to proceed *in forma pauperis* submit a "certified copy of [his] trust fund account statement (or institutional equivalent) . . . for the six-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2). Using these statements, the Court must (1) assess an initial payment of 20% of (a) the average monthly deposit, or (b) the average monthly balance in the account for the past six months, whichever is greater; and (2) collect that amount as the prisoner's initial partial filing fee, unless he has no current assets with which to pay. *See* 28 U.S.C. § 1915(b)(1), (b)(4); *Taylor*, 281 F.3d at 850. Thereafter, the institution having custody of the prisoner must collect subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10.00, and forward those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Taylor*, 281 F.3d at 847.

Plaintiff has submitted a copy of his certified prison trust account statement [Dkt. No. 4]. His statement indicates that he lacks sufficient funds to pay an initial partial filing fee. Accordingly, the Court grants Plaintiff's Motion to Proceed *In Forma Pauperis*, and assesses no initial partial filing fee at this time. *See* 28 U.S.C. § 1915(b)(1), (4). However, Plaintiff must pay the full $350.00 filing fee mandated by 28 U.S.C. §§ 1914(a) and 1915(b)(1), by subjecting any future funds credited to his prison trust account to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(2).

///

///

///

II. **Motion for Appointment of Counsel**

The Constitution provides no right to appointment of counsel in a civil case, unless an indigent litigant's physical liberty is at stake. *Lassiter v. Dep't. of Soc. Servs.*, 452 U.S. 18, 25 (1981). Nonetheless, under 28 U.S.C. § 1915(e)(1), the Court has discretion to appoint counsel for indigent litigants under "exceptional circumstances." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). To find exceptional circumstances, the Court must evaluate "both 'the likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" *Id.* (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)). "Neither of these issues is dispositive and both must be viewed together before reaching a decision." *Id.*

As explained in section III below, Plaintiff's has failed a state a claim under 42 U.S.C. § 1983. As a result, he cannot demonstrate that his claims are likely to succeed on the merits or that "exceptional circumstances" exist. Accordingly, the Court must deny his request to appoint counsel at this stage of the litigation. *LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987); *Terrell*, 935 F.2d at 1017.

III. ***Sua Sponte* Screening Under 28 U.S.C. §§ 1915(e)(2) and 1915A**

A. **Legal Standard**

The PLRA requires the Court to conduct a preliminary screening of all cases filed by prisoners seeking redress from governmental entities or their officers or employees. 28 U.S.C. § 1915A(a). Under section 1915A, the Court must dismiss a prisoner's complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief from defendants immune from such relief. 28 U.S.C. § 1915A(b). "[W]hen determining whether a complaint states a claim, [the Court] must accept as true all allegations of material fact and must construe those facts on the light most favorable to the plaintiff." *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). Nevertheless, in liberally interpreting a complaint, the Court may not "supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

To bring an action against prison officials under 42 U.S.C. § 1983, a prisoner must establish that: (1) that an official acting under color of state law committed the conduct at issue; and (2) that the conduct deprived the prisoner of some right, privilege, or immunity protected by the Constitution or laws of the United States. *See* 42 U.S.C. § 1983; *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985)

(*en banc*). Where a prisoner claims inadequate medical care under the Eighth Amendment, the prisoner must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Such a claim has two elements: "the seriousness of the prisoner's medical need and the nature of the defendant's response to that need." *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1991), *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997). A medical need is serious "if the failure to treat the prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" *McGuckin*, 974 F.2d at 1059 (quoting *Estelle*, 429 U.S. at 104). Indications of a serious medical need include "the presence of a medical condition that significantly affects an individual's daily activities." *Id.* at 1059-60.

### B. Plaintiff's Allegations

In his Complaint, Plaintiff claims that Defendants – Warden Robert Hernandez and Associate Warden Silvia H. Garcia, as well as two correctional officers (one named Thompson and another whose name is unknown) – violated his Eighth Amendment right to adequate medical care between June 11 and 15, 2007. Specifically, he alleges Defendants failed to "adhere" to or enforce a "serious medical chrono" and "making [him] wait for medical attention" after he sustained an injury. *See* Compl. at 1-4. He also claims Defendants violated his right to due process during an administrative grievance procedure because the outcome was "bias[ed]" and he "was not interviewed []or consulted." *Id.* at 5. He pleads no further allegations to support these claims. Instead he attaches to the Complaint various medical records and copies of his administrative grievances, referring to the attachments as "documentation/evidence." *See id.* at 3-4, 8-42.

### C. Analysis

Plaintiff fails to state an Eighth Amendment or a due process claim because his Complaint contains the following five defects. First, although the medical records attached to the Complaint show that Plaintiff receives various prescription medications for his sleep disorder, *see* Compl. at 19, 23-43, he fails to allege a condition that is sufficiently "serious" to satisfy the objective component of an Eighth Amendment violation. *McGuckin*, 974 F.2d at 1059-60; *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

Second, to the extent Plaintiff claims Defendants were "negligen[t]" for failing to adhere to or enforce an unspecified "medical chrono," *see* Compl. at 3, he fails to state an Eighth Amendment claim because negligence does not rise to the level of cruel and unusual punishment. *See Estelle*, 429 U.S. at 106 (medical malpractice does not become a constitutional violation merely because the victim is a prisoner). Instead, the Eighth Amendment requires Plaintiff to allege that each Defendant knew of his serious need, yet acted with deliberate indifference to it. *Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980) (citing *Estelle*, 429 U.S. at 105-06); *see also Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004) ("Deliberate indifference is a high legal standard.") (citing *Hallett v. Morgan*, 296 F.3d 732, 1204 (9th Cir. 2002)).

Third, Plaintiff's allegation of a "biased" administrative grievance procedure fails to state a due process claim. *See* Compl. at 5. The Fourteenth Amendment provides that: "[n]o state shall . . . deprive any person of life, liberty, or property, without due process of law." U.S. CONST. amend. XIV, § 1. "The requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property." *Bd. of Regents v. Roth*, 408 U.S. 564, 569 (1972). To state a procedural due process claim for violations of state law or prison regulations, Plaintiff must allege: "(1) a liberty or property interest protected by the Constitution; (2) a deprivation of the interest by the government; [and] (3) lack of process." *Wright v. Riveland*, 219 F.3d 905, 913 (9th Cir. 2000). Accordingly, to the extent Plaintiff challenges the procedural adequacy of inmate grievance procedures, his Complaint fails to state a due process claim because as a prisoner, he has no protected *property* interest in an inmate grievance procedure arising directly from the Fourteenth Amendment. *Ramirez v. Galaza*, 334 F.3d 850, 869 (9th Cir. 2003) ("inmates lack a separate constitutional entitlement to a specific prison grievance procedure") (citing *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988)).

Fourth, Plaintiff has failed to plead facts sufficient to show that any named prison official deprived him of a protected *liberty* interest by allegedly failing to properly respond to his grievances. Although a liberty interest can arise from state law or prison regulations, *Meachum v. Fano*, 427 U.S. 215, 223-27 (1976), due process protections are implicated only if Plaintiff alleges facts to show that Defendants: (1) restrained his freedom in a manner not expected from his sentence, and (2) "impose[d]

atypical and significant hardship on [him] in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995); *Neal v. Shimoda*, 131 F.3d 818, 827-28 (9th Cir. 1997). Plaintiff pleads nothing to suggest how the allegedly inadequate grievance review amounted to a restraint on his freedom beyond what is contemplated in his original sentence. Nor does he state any facts indicating that he suffers from any "atypical" and "significant hardship." *Sandin*, 515 U.S. at 483-84.

Finally, and most fundamentally, Plaintiff's Complaint fails to set forth, with *any* detail whatsoever, what each named Defendant is alleged to have done to violate his Eighth or Fourteenth Amendment rights. Plaintiff identifies Hernandez, Garcia, and Thompson, as well as an "unknown" correctional officer as Defendants. *See* Compl. at 1-2. However, Plaintiff lists each Defendant by job descriptions only, and never explains what, if anything, any of these Defendants personally did to violate his constitutional rights.

To the extent Plaintiff seeks to sue Defendants based merely on their supervisory positions, his allegations are insufficient to state a claim because there is no respondeat superior liability under 42 U.S.C. § 1983. *Palmer v. Sanderson*, 9 F.3d 1433, 1437-38 (9th Cir. 1993). To avoid the respondeat superior bar, Plaintiff must allege each Defendant's personal acts that have a direct causal connection to the constitutional violation at issue. *See Sanders v. Kennedy*, 794 F.2d 478, 483 (9th Cir. 1986); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Accordingly, Plaintiff can state a claim against supervisory prison officials for unconstitutional violations of a subordinate, only if he alleges: (1) how or to what extent the supervisory prison officials personally participated in or directed a subordinate's actions; and (2) in either acting or failing to act, they were an actual and proximate cause of the deprivation of Plaintiff's constitutional rights. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). As currently pleaded, however, Plaintiff's Complaint fails to set forth facts that might be construed to support an individualized constitutional claim against any Defendant.

Because Plaintiff fails to state a claim under 42 U.S.C. § 1983, the Court must dismiss his Complaint *sua sponte* pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). *See Lopez*, 203 F.3d at 1126-27; *Resnick*, 213 F.3d at 446.

///

///

**IV.   Conclusion and Order**

For the reasons set forth above, the Court grants Plaintiff's Motion to Proceed *In Forma Pauperis* pursuant to 28 U.S.C. § 1915(a) [Dkt. No. 4]. The Secretary of California Department of Corrections and Rehabilitation or his designee shall collect from Plaintiff's prison trust account the $350.00 balance of the filing fee owed in this case by collecting monthly payments from the account in an amount equal to twenty percent (20%) of the preceding month's income and forward payments to the Clerk of the Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). All payments shall be clearly identified by the name and number assigned to this action.

The Clerk of the Court shall serve a copy of this Order on Matthew Cate, Secretary, California Department of Corrections and Rehabilitation, 1515 S Street, Suite 502, Sacramento, California 95814.

The Court denies Plaintiff's Motion for Appointment of Counsel [Dkt. No. 5] without prejudice.

The Court further dismisses Plaintiff's Complaint without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(b) and 1915A(b). Plaintiff is granted forty-five (45) days leave from the entry of this Order to file a First Amended Complaint that cures all the pleading defects noted above. Plaintiff's First Amended Complaint must be complete in itself without reference to the superseded pleading. *See* S.D. CAL. CIV. LOCAL RULE 15.1. Defendants not named and all claims not re-alleged in the First Amended Complaint will be considered waived. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). Furthermore, if Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted, it may be dismissed without further leave to amend and may hereafter be counted as a "strike" under 28 U.S.C. § 1915(g). *See McHenry v. Renne*, 84 F.3d 1172, 1177-79 (9th Cir. 1996).

IT IS SO ORDERED.

Dated: June _, 2008

Roger T. Benitez
United States District Judge