Jacie Lee Goudlock, Jr.
_____
(Name)

P.O. Box 799005, F5-21-118L
_____
(Address)

San Diego, CA 92179-9001
(City, State, Zip)

P-34125
_____
(CDC Inmate No.)



# United States District Court
## Southern District of California

Jacie Lee Goudlock, Jr.,
_____
(Enter full name of plaintiff in this action.)

                     Plaintiff,

  v.

Thompson, Correctional Officer
UNKNOWN C/O PARTNER
Cruz, Correctional Sergeant,
3-Unkonwn C.O.? on 1st Watch, Building 3,
L. Peterson, R.N.
_____
(Enter full name of each defendant in this action.)

                    Defendant(s).

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Civil Case No. 3:08-CV-00204-BEN-RBB
(To be supplied by Court Clerk)

**FIRST AMENDED**
Complaint under the
Civil Rights Act
42 U.S.C. § 1983

## A. Jurisdiction

Jurisdiction is invoked pursuant to 28 U.S.C. § 1343(a)(3) and 42 U.S.C. § 1983. If you wish to assert jurisdiction under different or additional authority, list them below.

_____

## B. Parties

1. Plaintiff: This complaint alleges that the civil rights of Plaintiff, Jacie Lee Goudlock, Jr.
                                    (print Plaintiff's name)
_____, who presently resides at R.J. Donovan Correctional
                                 (mailing address or place of confinement)
Facility _____, were violated by the actions
of the below named individuals. The actions were directed against Plaintiff at R.J. Donovan

Correctional Facility _____ on (dates) 06/11 - 06/15/08 and _____.
    (institution/place where violation occurred)       (Count 1)    (Count 2)    (Count 3)



§ 1983 SD Form
(Rev. 4/06)

FILED

AUG - 8 2008

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

2. <u>Defendants</u>:  (Attach same information on additional pages if you are naming more than 4 defendants.)

Defendant __C.O. Thompson__ resides in __San Diego__,
                 (name)                             (County of residence)
and is employed as a __Correctional Officer__.  This defendant is sued in
                                (defendant's position/title (if any))
his/her ☒ individual ☒ official capacity.  (Check one or both.)  Explain how this defendant was acting
under color of law: __Deliberate Indifference; Blatently violated__
__Petitioners eighth ammendment, causing Cruel treatment, by failing__
__to summon adequate treatment for Petitioners medical condition.__

Defendant __Cruz__ resides in __San Diego__,
                 (name)                             (County of residence)
and is employed as a __Correctional Sergeant__.  This defendant is sued in
                                (defendant's position/title (if any))
his/her ☒ individual ☒ official capacity.  (Check one or both.)  Explain how this defendant was acting
under color of law: __Violated Petitioner's eighth ammendment by knowing__
__of the violation caused by Defendant's deligate, C.O. Thompson,__
__and did not correct the issue, but instead refused to summon care.__

Defendant __Unknown C.O. on 1st Watch, Bldg. 3__ resides in __San Diego__,
                 (name)                             (County of residence)
and is employed as a __Correctional Officers__.  This defendant is sued in
                                (defendant's position/title (if any))
his/her ☒ individual ☒ official capacity.  (Check one or both.)  Explain how this defendant was acting
under color of law: __Upon physical injury of Petitioner, these defendants__
__refused to respond to summon medical care and treatment at all,__
__violating Petitioner's eighth ammendment right.__

Defendant __L. Peterson__ resides in __San Diego__,
                 (name)                             (County of residence)
and is employed as a __Registered Nurse__.  This defendant is sued in
                                (defendant's position/title (if any))
his/her ☒ individual ☒ official capacity.  (Check one or both.)  Explain how this defendant was acting
under color of law: __Defendant unreasonably delayed medical treatment__
__for an excessive amount of time due to my suffering a physical__
__injury. The Lack of treatment violated Petitioner's 8th Ammendment.__

**C. Causes of Action** (You may attach additional pages alleging other causes of action and the facts supporting them if necessary.)

Count 1: The following civil right has been violated: Eighth Ammendment, Cruel and

(E.g., right to medical care, access to courts,

Unusual Treatment/Punishment.

due process, free speech, freedom of religion, freedom of association, freedom from cruel and unusual punishment, etc.)

Supporting Facts: [Include all facts you consider important to Count 1. State what happened clearly and in your own words. You need not cite legal authority or argument. Be certain to describe exactly what each defendant, *by name*, did to violate the right alleged in Count 1.]

On June 15, 2007, at approximately 04:00, Petitioner did by total mistake fall asleep due to a medical condition while on the "Top" bunk in BUilding 3, Facility 1, Cell 220 Up. Once I fell from my bunk, I cut my left foot to the point that the injury needed stitches, and was bleeding profusely, as well as twisting my ankle, shaving off skin on my right thigh, and causing further damage to an already damaged ciatic nerve. I along with my cell mate continually screamed for assistance from the Unknown Correctional Officers in Building 3 on First Watch, in which they refused to respond. After a period of approximately 30 minutes passed, and the pain had increased to being nearly unbareable, I had my cell mate yell through the door for medical assistance, screaming "Man Down." All pleas for help were completely ignored by by the Unkown Correctional Officers of First Watch in Building 3, thus causing a gross violation of my eighth ammendment against cruel treatment/Punishment, because the officers heard my calls for help, and choose to ignore my pleas, causing me to unnecessarily suffer without medical treatment.

(Cummings v. City of Akron, 418 F3d 45 [1st Cir. 2005];

(Rhodes v. Chapman, 452 US 337 [1981])

Count 2:  The following civil right has been violated:   Right to Medical Care;
(E.g., right to medical care, access to courts,

Violation of Eighth Ammendment - Protection Against Cruel Treatment
due process, free speech, freedom of religion, freedom of association, freedom from cruel and unusual punishment,
etc.)

Supporting Facts:  [Include all facts you consider important to Count 2. State what happened clearly and in
your own words. You need not cite legal authority or argument. Be certain to describe exactly what each defendant,
by name, did to violate the right alleged in Count 2.]

On June 15, 2007, at approximately 08:15, I arrived at the Facility

One Medical Clinic, to seek medical treatment for my injuries to

my foot and leg, where I encountered Defendant L.Peterson, R.N.

I was forced to sit on the bench in the clinic in pain, for hours

without treatment. Once my sock was soaked with blood, I asked the

correctional officer on duty in the clinic to check the status of

when I will receive care and treatment. The C.O. went and told

L. Peterson, R.N. who left me to continue to bleed and suffer in

constant pain until approximately 1:15 p.m.(see attached exibit).

I was left sitting in the medical clinc from 08:15 a.m. to 1:15 p.m.

(over five hours) without care, causing me to suffer needlessly.

It was not until an arguement erupted between the C.O. and the nurse

L. Peterson, and that was when the Nurse came out, and a Doctor

followed, Dr. Lindsey Dugan, who stated that "How long have you

been out here?" and I explained that I had been sitting in the

clinic for the past five hours, and the Doctor ordered that I be

taken to the Treage Treatment Area (TTA) for stitches. The Doctor

further stated to the nurse that I should have been seen immediately,

in which I stated that the Nurse, L. Peterson had been notified

several times of my arrival and issues, in which she choose to

ignore. Once I arrived at the TTA, I was told that it had been too

long since my injury, and surture (stitches) were no longer an

option. I could not receive the best option of treatment due to

L. Peterson, R.N. ignoring my need for medical care, therefore

violating my rights, and causing me unreasonable suffering.

(Bazzetta v. McGinnis, 286 F3d 311 [6th Cir 2002]; (Adames v. Perez,

331 F3d 508 [5th Cir. 2003]

§ 1983 SD Form
(Rev 4/06)                                    4

NOTICE The TWO TIMES on THIS
FORM. RN PETERS PUT SHE INITIALLY SAW
ME AT 0908 - Which is A liE,
I WAS TOld TO Fill out THIS FORM
ON 6-18-07. A MONdAY - BECASE
NEITHER DR DUGAN NOR THE RN
EXAMINED ME ON 6-15-07. NEITHER
SAW ME UNTILL 6-18-07 See ATTACHED
FORM
THAT is WHY I PUT lAST NITE I Fell
INSTEAD OF THIS MORNING I Fell.

STATE OF CALIFORNIA
CDC 7362 (Rev. 03/04)

**HEALTH CARE SERVICES REQUEST FORM**

DEPARTMENT OF CORRECTIONS

616813

| PART I: TO BE COMPLETED BY THE PATIENT |
|---|
| *A fee of $5.00 may be charged to your trust account for each health care visit.* |
| **If you believe this is an urgent/emergent health care need, contact the correctional officer on duty.** |

REQUEST FOR:    MEDICAL ☒    MENTAL HEALTH ☐    DENTAL ☐    MEDICATION REFILL ☐

NAME: Gadlock
CDC NUMBER: P-34125
HOUSING: 3-220 U

PATIENT SIGNATURE: *Joren Newlock*
DATE: 6-15-07

REASON YOU ARE REQUESTING HEALTH CARE SERVICES. (Describe Your Health Problem And How Long You Have Had The Problem)

late at night falling off of The TOP Bunk incured my left side knee and a little toe area.

*NOTE: IF THE PATIENT IS UNABLE TO COMPLETE THE FORM, A HEALTH CARE STAFF MEMBER SHALL COMPLETE THE FORM ON BEHALF OF THE PATIENT AND DATE AND SIGN THE FORM*

| PART III: TO BE COMPLETED AFTER PATIENT'S APPOINTMENT |
|---|
| ☐ Visit is not exempt from $5.00 copayment. (Send pink copy to Inmate Trust Office.) |

| PART II: TO BE COMPLETED BY THE TRIAGE REGISTERED NURSE |
|---|

Date / Time Received: _____
Date / Time Reviewed by RN: _____

Received by: _____
Reviewed by: _____

Pain Scale: 1 **2** 3 4 5 **6** 7 8 9 10

S: As above

O: T: 96⁷ P: 86 R: 18 BP: 138/84, WEIGHT: 380# 6'3"
Has small (R) toe laceration / avulsion injury

A: Alteration in skin integrity c/t (R) toe lag & foot trauma

P: to TTA for (R) foot injury eval / x-ray / tetanus
☐ See Nursing Encounter Form

E:

| | | | |
|---|---|---|---|
| APPOINTMENT SCHEDULED AS: | EMERGENCY ☐ (IMMEDIATELY) | URGENT ☐ (WITHIN 24 HOURS) | ROUTINE ☐ (WITHIN 14 CALENDAR DAYS) |
| REFERRED TO PCP: TTA | | DATE OF APPOINTMENT: | |
| COMPLETED BY: | | NAME OF INSTITUTION: RJ Donovan | |
| PRINT / STAMP NAME: | SIGNATURE / TITLE: | | DATE/TIME COMPLETED: 6/15/07 |

CDC 7362 (Rev. 03/04)    Original - Unit Health Record    Yellow - Inmate (if copayment applicable)    Pink - Inmate Trust Office (if copayment applicable)    Gold - Inmate

3-22-2009 ( Dorr 1998 - weighed > 200 )

| DATE | TIME | PROB # | |
|------|------|--------|---|
| Mon | | | S: (history includes details pertinent to the patient's medical complaint) |
| ~~6/18/0~~ | | | Flu TTA for 6/15/07 fell from TOP BUNK |
| | | | injured (l) knee + toe |
| 9 ~~?~~ 5/8 | | | 48 y/o morbidly OBese Black male, says Custody |
| | | | placed Inmate on top tier, top BUNK 200 C/o |
| | | | stepped CASIV |
| | | | O: (physical assessment) T: 98.6 P: 87 R: 19 B/P: 130/84 Wt: 352+ |
| | | | (l) - S₁S₂ ∅ n/R/c |
| | | | lun - |
| | | | Fed TG 299 |
| | | | (l) gt 5th toe - tip Lenistn |
| | | | A: (medical/nsg diagnosis. MTAs may not independently analyze or interpret data.) |
| | | 1) | morbidly OBese        3) HTN |
| | | 2) | Glucose Intolerance |
| | | | P: (MTA – referral to a higher licensure for prioritization and evaluation.) (RN -action to be taken by the RN so that the patient receives appropriate medical care.) |
| | | | Begin Metformin 850 mg p. BID |
| | | | ℞ Lasotec 10 m |
| | | | E: (education provided) |
| | | | **L. DUGAN, MD-RJDCF** |

| INSTITUTION | Richard J Donovan Correctional Facility Rock | ROOM/ WING |
|-------------|---------------------------------------------|------------|

OUTPATIENT INTERDISCIPLINARY
PROGRESS NOTES

CDC NUMBER, NAME, (LAST, FIRST, MI)

Goudlock

P-34125

CDC 7254 (8/89)

STATE OF CALIFORNIA          DEPARTMENT OF CORRECTIONS

Count 3: The following civil right has been violated:  <u>Forced into conditions in</u>
(E.g., right to medical care, access to courts,
<u>prison in which were inadequate for my medical condition.</u>
due process, free speech, freedom of religion, freedom of association, freedom from cruel and unusual punishment,
etc.)

Supporting Facts:  [Include all facts you consider important to Count 3. State what happened clearly and in
your own words. You need not cite legal authority or argument. Be certain to describe exactly what each defendant,
by name, did to violate the right alleged in Count 3.]

C/O Thompson And Her Male partner, After Being shown my
Medical chrono and I Explaining To Them about my Severe
Sleeping Disorder, chose To Force me into cell 220 up.
Clearly Against said chrono, unknown c/o stated He Didn't give
a shit about all That chrono stuff, I Then asked Him To Call
The custody office at which He Refused, at NO Time DID He
or C/O Thompson Try To Call or contact Any Superior To gain
a Better understanding, Then The Male c/o pulled His MASE
and told me To get into The cell or He'd SPRAY me and.
push His personal alarm, I Again Pleased with Both c/o's To NO
Avail. The Next Morning I Spoke To The Floor c/o
Ms williams, when I Tried To Explain my situation to Her She
Replyed She was Busy and To Not expect Her To Do AnyThing
and That I Should get used To The program Here at RJ Donovan
Stating That This is a Self Serve prison.
The court Should also Know, That my Nerve Damage consist
of me wetting The Bed at least (2) twice The Night
and as a Result of That Being Soaked In urine I have
Developed a Severe Rash, I See Specialist To
Try To Fix The problem But as of Yet No luck.
All of These STAFF Members CRUZ, Thompson, williams
Her PARTNER could Have prevented This Thus They chose
To ignore me and there Sworn Duty. What else
ARE They Doing That Then Supposed too. ???
I humbly PRAY That The court Please Help me .

# CONSULTATION REPORT

| DATE | TIME | |
|------|------|---|
| 01/29/08 | | |

**CHIEF COMPLAINT:**

This 48-yer-old male was seen in urological consultation with a 5-month history of enuresis X2 nightly. The patient dates onset of present illness approximately August after he had a fall from the upper bunk striking the floor, although he sustained no fractures he did claim to injure his back after this he started his bed-wetting and in association of this he noticed lower urinary tract symptoms with voiding approximately every hour. He was given empirical trail with Terazosin, which was not successful and it also caused dizziness and probable hypotension. Urinalysis reviewed on chart January 2008 reported negative. I can find no PSA blood test on the chart.

**PAST MEDICAL HISTORY:**

Allergies-denies. Surgeries-denies.

**PHYSICAL EXAMINATION:**

Vital signs stable on examination of abdomen. Abdomen somewhat obese, no palpable masses, no hernias. Examination of genitalia-normal circumcised male, testicles descended, no palpable masses. Digital rectal examination-declined.

**CLINICAL IMPRESSION:**

Enuresis with blood cancer etiology to be determined.

**RECOMMENDATIONS:**

1. DDAVP intranasal 1-puff each nostril hs X30-days empirical trail.
2. Bladder scan with post-void residual check.
3. PSA.
4. Return visit GU clinic in 1-month for assessment of therapy and need for cystoscopy.

| INSTITUTION | PHYSICIAN | ROOM NO. | CDC NUMBER, NAME (LAST, FIRST, MI) |
|-------------|-----------|----------|-----------------------------------|
| RJDCF | **WILLIAM G. MOSELEY, M.D.** Urologist 01/30/08 WGM/gh | | **GOUDLOCK, JACIE** **CDC# P-34125** |

PHYSICIAN'S PROGRESS NOTES

664775

STATE OF CALIFORNIA
CDC 7362 (Rev. 03/04)

## HEALTH CARE SERVICES REQUEST FORM

DEPARTMENT OF CORRECTIONS

### PART I: TO BE COMPLETED BY THE PATIENT

*A fee of $5.00 may be charged to your trust account for each health care visit.*

**If you believe this is an urgent/emergent health care need, contact the correctional officer on duty.**

REQUEST FOR:    MEDICAL ☒    MENTAL HEALTH ☐    DENTAL ☐    MEDICATION REFILL ☐

| NAME Gatlock | CDC NUMBER P-34125 | HOUSING 22-238L |
|---|---|---|

PATIENT SIGNATURE *Jace Mandlov*    DATE 9-5-07

REASON YOU ARE REQUESTING HEALTH CARE SERVICES. (Describe Your Health Problem And How Long You Have Had The Problem) _____ URINARY problems, lower Back and Foot pain and Knee problems and Need lay-in extended_

NOTE: IF THE PATIENT IS UNABLE TO COMPLETE THE FORM, A HEALTH CARE STAFF MEMBER SHALL COMPLETE THE FORM ON BEHALF OF THE PATIENT AND DATE AND SIGN THE FORM

### PART III: TO BE COMPLETED AFTER PATIENT'S APPOINTMENT

☐ Visit is not exempt from $5.00 copayment. (Send pink copy to Inmate Trust Office.)

### PART II: TO BE COMPLETED BY THE TRIAGE REGISTERED NURSE

| Date / Time Received: | Received by: |
|---|---|
| Date / Time Reviewed by RN: | Reviewed by: |

S:    Pain Scale:   1   2   3   4   5   6   7   8   9   10

O:   T: 97³   P: 76   R: 20   BP: 137/90   WEIGHT: 340

A:

P:

☐ See Nursing Encounter Form

E:

| APPOINTMENT SCHEDULED AS: | EMERGENCY (IMMEDIATELY) ☐ | URGENT (WITHIN 24 HOURS) ☐ | ROUTINE (WITHIN 14 CALENDAR DAYS) ☐ |
|---|---|---|---|
| REFERRED TO PCP: | | DATE OF APPOINTMENT: | |
| COMPLETED BY | | NAME OF INSTITUTION | |
| PRINT / STAMP NAME | SIGNATURE / TITLE | | DATE/TIME COMPLETED |

CDC 7362 (Rev. 03/04)    Original - Unit Health Record    Yellow - Inmate (if copayment applicable)    Pink - Inmate Trust Office (if copayment applicable)    Gold - Inmate

| DATE | TIME | PROB# | Parole 3/20/09 |
|------|------|-------|----------------|

**S:** (history includes details pertinent to the patient's medical complaint)

12/28/05 — c/o Wetting Bed. Had Referral to Urologist Pending for "overactive Bladder." o/o GI burning ō Ibuprofen which is taken to relief knee pain. Pain worsens ō cold weather. Ibuprofen helps. X-rays ō neg. Gl (+) ankle pain ō no joint involvement. (+) (+) TO TG's ~ 299.

Has not yet seen ENT for sleep Apnea.

**O:** (physical assessment) T: 98° P: 81 R: 20 B/P: 136/83 Wt: 346

Peak flow 500    O2 SAT 95%

GEN: A&O x 3, ō acute distress.

ABD: soft/flat/NTND/NABS

EXT: ō gross deformities, OCCE; knees: ō swelling full ROM, ō effusion, ō redness.

**A:** (medical/nsg diagnosis. MTAs may not independently analyze or interpret data.)
① B/L Knee Pain - Arthritis?
② Dyspepsia - possibly 2° Ibuprofen
③ Overactive Bladder-?
④ 14 ↑ TG's      ⑤ Sleep Apnea

**P:** (MTA - referral to a higher licensure for prioritization and evaluation.)
(RN - action to be taken by the RN so that the patient receives appropriate medical care.)
① Plan Urology Referral
② ✓ ANA, RF, ESR, CMP, CBC, Lipids, TSH, UA
③ Stop Ibuprofen. Trial Salsalate
④ P/m Referral to ENT for Sleep Apnea.
⑤ Trial D/C Terazosin.
⑥ P/m ~ 90 days. Sooner PRN.

**E:** (education provided)

Im/PT counseled

| INSTITUTION | Richard J Donovan Correctional Facility Rock | ROOM/WING | ✓ ____ Silva. |

OUTPATIENT INTERDISCIPLINARY
PROGRESS NOTES

CDC NUMBER, NAME, (LAST, FIRST, MI)

P34125

Craddock, Jack ___

12/27/59

CDC 7254 (8/89)

STATE OF CALIFORNIA          DEPARTMENT OF CORRECTIONS

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS

## HEALTH CARE SERVICES
## PHYSICIAN REQUEST FOR SERVICES
*(To be completed by requesting Physician and forwarded to Utilization Management Unit)*

| PATIENT NAME Jacie Gouldlock | CDC NUMBER P 34125 | INSTITUTION RJD |
|---|---|---|

| DATE OF BIRTH 12/27/59 | EPRD DATE | GENDER Male |
|---|---|---|

| PRINCIPLE DIAGNOSIS Overactive bladder | ICD - 9 CODE | CPT CODE(S) |
|---|---|---|

| REQUESTED SERVICE(S) Urology | | # OF DAYS RECOMMENDED |
|---|---|---|

*Please circle all that apply:* Diagnostic Procedure/Consultation     Outpatient/Inpatient     Initial/Follow-up

Requested Treatment/Service is:    **EMERGENT**        **URGENT**        **ROUTINE**

*For the purpose of retrospective review,* if emergent or urgent, please justify: _____

Proposed Provider: _____    Anticipated Length of Stay: _____

Expected disposition (i.e.: outpatient follow-up, return to institution, transfer): _____

Medical Necessity *(briefly describe the clinical situation; the history of the illness, treatments used, pertinent lab and imaging studies, or questions for the consultant):* _____ Overactive bladder Enuresis x nght _____

Estimated time for service delivery, recovery, rehabilitation and follow-up: _____

Summary of preliminary or diagnostic work up, conservative treatment provided (if applicable, please provide TB code, CD4, viral load, albumin, total protein and dates within last 3 months): _____

Comments (diagrams, risk factors, prognosis, alternative management, etc.): _____

| REQUESTING PHYSICIAN PRINTED NAME Robert Walker | APPROVED / AUTHORIZED / DENIED / DEFERRED BY | DATE 9/7/07 |
|---|---|---|
| REQUESTING PHYSICIAN SIGNATURE | DATE 9/5/07 | Utilization management tracking # R-4256 |

| DATE OF CONSULTATION 1/29/08 | PRINTED NAME OF CONSULTANT Wm Moseley |
|---|---|

FINDINGS: 48 yo x 5 mos hx Enuresis + UTI — Could not tolerate Terazosin. PE Normal & even

RECOMMENDATIONS: 1) Bladder Scan PVR - check 2) DDAVP - Nasal for Enuresis h.s 3) Possible Urod later

FOLLOW-UP OR FURTHER EVALUATIONS REQUESTED: Our Clinic 9 mo

| CONSULTANT SIGNATURE Wm B Mosel MD | DATE 1/29/08 | CDC NUMBER, NAME (LAST, FIRST, MI) AND DATE OF BIRTH |
|---|---|---|
| ETA RN SIGNATURE | DATE 1/29/08 | Gouldlock Jacie |
| PCP SIGNATURE | DATE 2/20/08 | P34125 |
| | | 12/27/59 |

**Attach Progress Note page for additional information.**
**THIS FORM MUST BE RETURNED WITH THE PATIENT!!!**

DISTRIBUTION:
ORIGINAL - FILE IN UHR
GREEN    - TO UHR PENDING ORIGINAL
CANARY   - CONSULTANT
PINK     - UM
GOLD     - SPECIALTY SCHEDULER

PHYSICIAN REQUEST FOR SERVICES (RFS)        CDC 7243 (Rev. 11/02)

**NOTE: SEND COPY OF PHYSICIAN'S ORDER FOR MEDICATION
TO PHARMACY AFTER EACH ORDER IS SIGNED.**

| Order Date | Time | Problem # | Physician's Order and Medication (Orders must be dated, timed, and signed.) |
|---|---|---|---|
| 1/29/08 | | | ① DDAVP - intra Nasal - 9 puff in each nostril hs X 30 days |
| | | | ② PSA - request sent to lab |
| | | | ③ Bladder Ultra sound - Record Post Vaed residual |
| | | | ④ Urology Clinic 9 mo |
| | | | Wm Ourosely MD |
| | | | Noted by SRasal RN 1/29/08 1150 |
| 2/1/08 | | | Orthotic Clinic orthopedic  1245 done to um RN MEER |
| | | | Tennshoes - Next Line |
| | | | ① Shoe size 13½ 5 to 6 E (State shoes Don't Fit |
| | | | ② Bunion |
| | | | Flu lenter |
| | | | Smiley |
| | | | Noted by SRasar at 2/1/08 1030 |

| ALLERGIES: | INSTITUTION | ROOM/WING |
|---|---|---|
| | RJDCF | D2Q-144L |

CDC NUMBER, NAME (LAST, FIRST, MI)

Confidential
client information
See W & I Code, Sections 4514 and
5328

GOUDLOCK, JAUE
P34185

**PHYSICIAN'S ORDERS**

CDC 7221 (2/00)
STATE OF CALIFORNIA        OSP 05  93459        DEPARTMENT OF CORRECTIONS

Count **4**: The following civil right has been violated: FORCED INTO CONDITIONS IN PRISON
(E.g., right to medical care, access to courts,

IN WHICH WERE IN-ADEQUATE FOR MY MEDICAL CONDITION, AND CONTINUED VIOLATION
due process, free speech, freedom of religion, freedom of association, freedom from cruel and unusual punishment,
etc.)

                                        See ATTACHED REFERRAL.

Supporting Facts:  [Include all facts you consider important to Count 3. State what happened clearly and in
your own words. You need not cite legal authority or argument. Be certain to describe exactly what each defendant,
*by name*, did to violate the right alleged in Count 3.]

CORRECTIONAL SGT, CRUZ I SPOKE WITH THIS MAN ON THREE
Separate occassions about The DANGERS I faced Being
FORCED HOUSED ON THE TOP BUNK WITH Back Injuries and a
Sleeping Disorder, I Showed SGT CRUZ my chrono he Then
asked was my Disorder in my medical File To Which I
Replyed yes, I Explaned That medical STAFF come upon
The STAFF Referal FROM (CRC) California Rehabilitation Center
Where I was Previously Housed Where I Fell Forward off The
Bottom Bunk, I was Being Scheduled To See medical STAFF
There at CRC But was TRANSFERED To R.J. DONOVAN I explaned
all This To SGT CRUZ. This was on or about 6-12-07 I Spoke
To This man Two (2) more Times That Same Week
To No Avail, No Body would do nothing untill After I Fell
on 6-15-07. HAD SGT CRUZ DID his Job, This Terrible Accident
could Have Been Avoided all he Had To do was Contact Medical
To VARIFY my cLAIms Instead He Chose To Sit on His Behind
And do nothing And play "PASS The Buck," These people
Have Been entrusted With The SAFTY and well Being of
Inmates If we cannot Depend And TRUST STAFF To DO Their
Job Then Who Do we TURN To ???. I AM NOW INJURED FOR
lIFE, I CANNOT STAND Up FOR More Than 30 MINS, my JOINTS AND
NERVE DAMAGE ARE Serious and By me NOT Being Able To exercise
I have gAINED even More weight I AM NOW 380 pounds
They DID This To Me By Their Negedlence and BLATANT
Violations of my Civil Rights. This MAN Deliberately and Knowingly
left Me IN a DANGEROUS SITUATION. Now How Am i to support Myself once.
How will i PAY FOR PRESCRIPTION DRUGS. DOCTOR visits ???        PAROLED ?
(HYDRICK V. HUNTER  449 F3d 978 [9TH CIR. 2006])

§ 1983 SD Form
(Rev 4/06)                              5

**REQUEST FOR PSYCHIATRIC/PSYCHOLOGICAL SERVICES**
**STAFF REFERRAL**

NAME: _Good lock_    _J._    _____    CDC#: _P-34125_    HOUSING _211-76_
    Last   First   MI

REFERRED BY: _Gonzalez, J._    TITLE: _c/o_    PHONE: _4227_

☐ **Non English Speaking** Primary Language_____

REASON FOR REFERRAL: (Please check the primary reason(s) and give an example or comment on the lines below)

☐ History of Psychiatric care needs re-assessment    ☐ Recommend psychiatric medication review

☐ Express suicidal ideation or recent attempts    ☒ Exhibits bizarre behavior (describe below)

☐ Incapable/unwilling to care for self    ☐ Poor appetite/sad/fearful/nervous

☐ Confused/disoriented/withdrawn    ☐ Poor self control/unpredictable/interrupts daily routines of self & o

☐ Unprovoked hostility/assultiveness    ☐ Hears things/sees things/imagines things

Describe _Inmate exhibits a sleeping disorder is sitting one minute will fall asleep_
_He sleeping less. He was sitting on his bunk and feel forward behavior_
_odd should be seen to see if He can be given Psych services call me 7 927_

Date: _____    _(In mate stopped in 5/30/07 by Milian)_

TE OF CALIFORNIA                                                                    DEPARTMENT OF CORRECTIONS

## COMPREHENSIVE ACCOMMODATION CHRONO

**INSTRUCTIONS:** A physician shall complete this form if an inmate requires an accommodation due to a medical condition. Circle P if the accommodation is to be permanent, or T if the accommodation is to be temporary. If the accommodation is temporary, write the date the accommodation expires on the line. A new form shall be generated when a change to an accommodation is required or upon renewal of a temporary accommodation. Any new form generated shall include previous accommodations, if they still apply. Chronos indicating permanent accommodations shall be reviewed annually. This form shall be honored as a permanent chrono at all institutions.

### A. HOUSING

| | | | | | |
|---|---|---|---|---|---|
| None | | | Bottom Bunk | (P) T | ___ |
| Barrier Free/Wheelchair Access | P / T | ✓ | Single Cell (See 128-C date: ___ ) | P / T | ___ |
| Ground Floor Cell | (P) T | ___ | Permanent OHU / CTC (circle one) | P / T | ___ |
| Continuous Powered Generator | P / T | ___ | Other ___ | P / T | ___ |

### B. MEDICAL EQUIPMENT/SUPPLIES

| | | | | | |
|---|---|---|---|---|---|
| None | | | Wheelchair: (type) ___ | P / T | ___ |
| Limb Prosthesis | P / T | ✓ | Contact Lens(es) & Supplies | P / T | ___ |
| Brace  BACK | (P) T | ___ | Hearing Aid | P / T | ___ |
| Crutches | P / T | ___ | Special Garment: | | |
| Cane: (type) ___ | P / T | ___ | (specify) EXTRA PILLOW | P/(T) | 3-30-08 |
| Walker | P / T | ___ | Rx. Glasses: ___ | P / T | ___ |
| Dressing/Catheter/Colostomy Supplies | P / T | ___ | Cotton Bedding | P / T | ___ |
| Shoe: (specify) ___ | P / T | ___ | Extra Mattress | P / T | ___ |
| Dialysis Peritoneal | P / T | ___ | Other  BACK BRACE | P / T | a |

### C. OTHER

| | | | | | |
|---|---|---|---|---|---|
| None | | | Therapeutic Diet: (specify) | P / T | ___ |
| Attendant to assist with meal access and other movement inside the institution. | P / T | ___ | ___ | | |
| | | | Communication Assistance | P / T | ___ |
| Attendant will not feed or lift the inmate/patient or perform elements of personal hygiene. | | | Transport Vehicle with Lift | P / T | ___ |
| | | | Short Beard | P / T | ___ |
| Wheelchair Accessible Table | P / T | ___ | Other ___ | P / T | ___ |

### D. PHYSICAL LIMITATIONS TO JOB ASSIGNMENTS

Based on the above, are there any physical limitations to job assignments?   ☑ Yes   ☐ No

If yes, specify: ___ No heavy lift over 20lbs ; no repall lift, twisty X 6 mth ___

| INSTITUTION  RJD | COMPLETED BY (PRINT NAME)  Robert WAIN | TITLE  DJ |
|---|---|---|
| SIGNATURE ___ | DATE  6-11-0? | CDC NUMBER, NAME (LAST, FIRST, MI) AND DATE OF BIRTH |
| HCM/CMO SIGNATURE | DATE | GOLDLOCK   JALIE |
| (CIRCLE ONE)   APPROVED / DENIED | | P 34125   1-09-2201 |
| | | 12-27-59 |

**COMPREHENSIVE ACCOMMODATION**
**CHRONO**

CDC 7410 (03/04)

# CONSULTATION REPORT

| DATE | TIME | |
|------|------|--|
| 01/31/08 | | |

## CHIEF COMPLAINT:

This gentleman has obstructive sleep apnea. He's had a sleep study, which describes his type I of a severe case. He has daytime fatigue. He awakens minimally at night, however he does sit up in bed choking. He has had no history of tonsillectomy or other head and neck surgery. He is obese with over 300 lbs. and has not been successful in loosing a great deal of weight. He has had no history of nasal or sinus disease, however he has had trauma to the nose and has difficulty breathing especially through the right side. This gentleman has severe snoring. Apparently, he had been told that C-PAP would help however on this evaluation, he "Is not a C-PAP candidate". Mr. Goudlock has hypertension and hypolipidemia. He is otherwise in reasonable health.

## PAST MEDICAL HISTORY:
Except for the above are negative.

## REVIEW OF SYSTEMS:
Except for the above are negative.

## PHYSICAL EXAMINATION:

The head reveals an over weight gentleman weighing approximately 340 lbs. His head is without scars or lesions. Ears tympanic membranes and ear canals are normal. Nasal exam reveals hyperthrophy turbinates with possible right-sided posterial septal deviation. Oral cavity is normal. The pharynx reveals almost total obstruction by very large tonsils uvula and soft palate. The neck examination is normal to medical discussion making. This gentleman has obstructive sleep apnea, severe. He has had a sleep study confirming it. Of the two options are nasal C-PAP and surgery. Of course, weight loss is imperative in this gentleman. I have recommend uvula palatal uvulopalatopharyngoplasty in addition to tonsillectomy and possible septal deviation repair. This gentleman is not interested in surgery at this time. I therefore recommended he lose weight and a trail of nasal C-PAP should be tried.

## FINAL DIAGNOSIS:
1.    Obstructive sleep apnea.
2.    Septal deviation turbinating hyperthrophy.
3.    Hyperthrophy tonsils, adenoids and soft palate.

## RECOMMENDATIONS:
Surgical verses non-surgical means have been described.

| INSTITUTION | PHYSICIAN | ROOM NO. | CDC NUMBER, NAME (LAST, FIRST, MI) |
|-------------|-----------|----------|-------------------------------------|
| RJDCF | PAUL M. GOODMAN, M.D., FACS | | |

Otolaryngologist, (ENT)

01/31/08
PG/gh

GOUDLOCK, JANE
CDC # P-34125

### PHYSICIAN'S PROGRESS NOTES

### D. Previous Lawsuits and Administrative Relief

1. Have you filed other lawsuits in state or federal courts dealing with the same or similar facts involved in this case? ☐ Yes ☒ No.

If your answer is "Yes", describe each suit in the space below. [If more than one, attach additional pages providing the same information as below.]

(a)  Parties to the previous lawsuit:

Plaintiffs: _____

Defendants: _____

(b)  Name of the court and docket number: _____

_____

(c)  Disposition: [ For example, was the case dismissed, appealed, or still pending?] _____

_____

(d)  Issues raised: _____

_____

_____

_____

_____

(e)  Approximate date case was filed: _____

(f)  Approximate date of disposition: _____

2. Have you previously sought and exhausted all forms of informal or formal relief from the proper administrative officials regarding the acts alleged in Part C above? [E.g., CDC Inmate/Parolee Appeal Form 602, etc.] ? ☒ Yes ☐ No.

If your answer is "Yes", briefly describe how relief was sought and the results.   If your answer is "No", briefly explain why administrative relief was not sought.

I filed an Inmate Appeal Form (CDC Form 602) on this issue, in which was heard on the director level's review and was denied. I have also filed a claim with the California Victim Compensation & Government Claims Board. in which directs me to use the court system. I have exhausted all administartive remedies. (See Attached exibit.)

_____

_____



**GOVERNMENT CLAIMS PROGRAM**
400 R Street, 5th Floor ♦ Sacramento, California 95811
Mailing Address: P.O. Box 3035 ♦ Sacramento, California 95812
Toll Free Telephone Number 1-800-955-0045 ♦ Fax Number: (916) 491-6443
Internet: www.vcgcb.ca.gov

ROSARIO MARIN
Secretary
State and Consumer Services Agency
Chairperson

JOHN CHIANG
State Controller
Board Member

MICHAEL A. RAMOS
San Bernardino County District Attorney
Board Member

KAREN McGAGIN
Executive Officer

Jacie Goudlock p34125
P.O. Box 799005
San Diego, CA  92179-9005

December 06, 2007

RE:  Claim G571429 for Jacie Goudlock, p34125

Dear Jacie Goudlock,

The Victim Compensation and Government Claims Board (VCGCB) received your claim on November 20, 2007.

Based on its review of your claim, Board staff believes that the court system is the appropriate means for resolution of these claims, because the issues presented are complex and outside the scope of analysis and interpretation typically undertaken by the Board. The claim has been placed on the consent agenda.  The VCGCB will act on your claim at the January 17, 2008 hearing. You do not need to appear at this hearing.  The VCGCB's rejection of your claim will allow you to initiate litigation should you wish to pursue this matter further.

If you have questions about this matter, please mention letter reference 99 and claim number G571429 when you call or write your claim technician/analyst at (800) 955-0045.

Sincerely,

Government Claims Program
Victim Compensation and Government Claims Board

cc:  B-23 Corrections and Rehabilitation, Attn: Donna Corbin

    Ltr 99 Complex Issue Reject

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
INMATE APPEALS BRANCH
P. O. BOX 942883
SACRAMENTO, CA 94283-0001

# DIRECTOR'S LEVEL APPEAL DECISION

Date: DEC 2 2 2007

In re: Jacie Goudlock, P34125
Richard J. Donovan Correctional Facility
at Rock Mountain
P.O. Box 799006
San Diego, CA 92179-9005

IAB Case No.: 0709623          Local Log No.: RJD-07-01663

This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner V. O'Shaughnessy. All submitted documentation and supporting arguments of the parties have been considered.

**I    APPELLANT'S ARGUMENT:** It is the appellant's position that staff failed to assign him to a lower bunk/lower tier, which is consistent with his Comprehensive Accommodation Chrono dated June 11, 2007. As a result, the appellant claimed that he fell and hurt himself from being assigned to an upper bunk on the upper tier. The appellant is requesting appropriate housing, monetary compensation and that the staff be fined and criminal charges be brought forth against them for their alleged unprofessional conduct.

**II    SECOND LEVEL'S DECISION:** The reviewer found that the appellant was moved to Housing Unit 1, cell 116L, on June 15, 2007. The Second Level of Review (SLR), signed by Dr. Arguilez, Correctional Lieutenant, Facility 1 Program and E. A. Contreras, Associate Warden, Housing, Facilities I and III, sates that staff were not negligent in the performance of their duties. The appellant's medical restrictions were satisfied at the earliest possible opportunity. The appellant's request for monetary compensation is not within the scope of the appeals process. He must exhaust the appeals process prior to seeking an injunction from the courts. The appeal was denied at the SLR on September 18, 2007.

**III    DIRECTOR'S LEVEL DECISION:** Appeal is denied.

    **A.    FINDINGS:** The Director's Level of Review reviewed the appellant's appeal complaint and the SLR response. The appellant arrived at R.J. Donovan Correctional Facility (RJD) on June 11, 2007. The SLR stated that the appellant was moved into the appropriate housing at the earliest possible opportunity. On June 15, 2007, he was moved into the lower bunk/lower tier. The appellant's medical restrictions were satisfied on June 15, 2007. The issues on appeal have been addressed. No modification to the SLR is warranted.

    This decision exhausts the administrative remedy available to the appellant within CDCR. If dissatisfied, the appellant may forward this issue to the California Victims Compensation and Government Claims Board, (formerly known as the State Board of Control), Government Claims Unit, P.O. Box 3035, Sacramento, CA 95812-3035, for further review.

    **B.    BASIS FOR THE DECISION:**
California Code of Regulations, Title 15, Section: 3350, 3354

    **C.    ORDER:** No changes or modifications are required by the Institution.

JACIE GOUDLOCK, P34125
CASE NO. 0709623
PAGE 2

This decision exhausts the administrative remedy available to the appellant within CDCR. If dissatisfied, the appellant may forward this issue to the California Victims Compensation and Government Claims Board, (formerly known as the State Board of Control), Government Claims Unit, P.O. Box 3035, Sacramento, CA 95812-3035, for further review.


N. GRANNIS, Chief
Inmate Appeals Branch

cc:      Warden, RJD
         Health Care Manager, RJD
         Appeals Coordinator, RJD
         Medical Appeals Analyst, RJD

## INMATE APPEAL ROUTE SLIP

To: F1                                                    Date: July 12, 2007

From:  INMATE APPEALS OFFICE

Re: Appeal Log Number  RJD-5-07-01663  By Inmate  GOUDLOCK, P34125

Please assign this appeal to appropriate staff for FIRST level response.

Appeal Issue:  LIVING CONDITIONS
Due Date:  08/23/2007
Special Needs:


STAFF INSTRUCTIONS: Per Director's Rule 3084.5(f) (2) first level appeal review requires a personal interview with the inmate unless the appeal is granted.  This policy is not within the institution's jurisdiction and cannot be waived.  Director's Rule 3084.5(f) (3) provides that a telephonic interview may be conducted if the inmate is not available in person.

Begin response with GRANTED, DENIED, PARTIALLY GRANTED or WITHDRAWN.  When complete, return appeal to the Appeals Office.  All first level appeals require signature of the Division Head.  Appeals that are incomplete will be returned for appropriate completion.

Refer to D.O.M. 54100 for instructions.



Inmate Appeals Coordinator
Richard J. Donovan Correctional Facility

**DATE:**            August 02, 2007

**NAME:**            Goudlock, J.

**CDC #:**           P-34125

**APPEAL #:**        RJD-5-07-01663          **FIRST LEVEL REVIEW**

**APPEAL DECISION:**    **DENIED**

**APPEAL ISSUE:**            You are alleging that custody staff were negligent in the performance of their duties, while you were housed on Facility One. Specifically, you allege that staff failed to honor your medical chrono, which ordered you to be housed on the bottom tier on the lower bunk. You claim that you fell and injured yourself while housed on the upper bunk. You claim that staff's actions placed your life in jeopardy. You are requesting that staff be held accountable for their actions. You are also requesting that you be monetarily compensated for pain and suffering. You further request that the staff involved be fined and that criminal charges be filed against them.

**APPEAL RESPONSE:**        In reaching a decision on this issue, a thorough review of your appeal has been conducted. The attached supporting documents, applicable sections of the California Code of Regulations (CCR), Title 15, and the Department Operations Manual have been reviewed.

I interviewed you on August 1, 2007, regarding your Inmate/Parolee Appeal, CDC 602 form. During the interview, you reiterated the same concerns outlined in your appeal.

I reviewed your housing history and found that you arrived at the Richard J. Donovan Correctional Facility on June 11, 2007. You were housed in Housing Unit 3, Cell 220U. On June 15, 2007, you were moved to Housing Unit 1, Cell 116L. I also reviewed your Comprehensive Accommodation Chrono (CDC 7410), dated June 11, 2007. The CDC 7410 was completed by Dr. R. Walsh, noting that you were to be housed in a lower bunk on a bottom tier. Your medical restrictions were satisfied on June 15, 2007.

I have found that staff were not negligent in the performance of their duties. Your medical restrictions were satisfied at the earliest possible opportunity. Your request for monetary compensation is not within the scope of the appeals process. You must exhaust the appeals process prior to seeking injunction from the courts.

Therefore, based on the aforementioned, your appeal is **DENIED** at the First Level of Review. Should you be dissatisfied with this response, you may submit your appeal to the Second Level of Review.

D. ARGUILEZ
Correctional Lieutenant
Facility I Program

E. A. CONTRERAS
Associate Warden
Housing, Facilities I & III

## INMATE APPEAL ROUTE SLIP

To: APPEALS

Date: August 15, 2007

From: INMATE APPEALS OFFICE

Re: Appeal Log Number RJD-5-07-01663 By Inmate GOUDLOCK, P34125

Please assign this appeal to appropriate staff for SECOND level response.

Appeal Issue: LIVING CONDITIONS
Due Date: 09/13/2007
Special Needs:

STAFF INSTRUCTIONS:
Second level appeals require a personal interview if not afforded at the first level. Begin your response with: GRANTED, DENIED, PARTIALLY GRANTED or WITHDRAWN. When complete, return to Appeals Office. Appeals that are incomplete will be returned to the responding staff for appropriate completion. Refer to D.O.M. 54100 for instructions.

Inmate Appeals Coordinator
Richard J. Donovan Correctional Facility

GOUDLOCK, J., P34125
APPEAL NUMBER RJD-07-1663
PAGE 2

**APPEAL DECISION:** The appeal is denied at the Second Level of Review.

The appellant is advised that this issue may be submitted for a Director's Level of Review if desired.

Silvia H. Garcia
Chief Deputy Warden
California Department of Corrections and Rehabilitation
Richard J. Donovan Correctional Facility at Rock Mountain

**INMATE/PAROLEE APPEAL FORM**
CDC 602 (12/87)

RICHARD J. DONOVAN CORR. FAC.   JUL 1 2 2007

Location: Institution/Parole Region   Category 8

2. RJD   2. 07-1663   M6D

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.   FAC 5-22-2382

NAME Gardlock, Jackie   NUMBER P-39125   ASSIGNMENT U/A   UNIT/ROOM NUMBER FAC 5-1-162CW

A. Describe Problem: ON 6-11-07 I ARRIVED HERE at RICHARD J. DONOVAN FROM CRC, I NOTIFIED MEDICAL STAFF OF MY INJURIES and MY MEDICATIONS I WAS CURRENTLY TAKING and THE CHRONO'S I.E. DOCTOR'S ORDER'S I WAS Under at CRC. MEDICAL STAFF HERE at R.J.D EVALUATED MY MEDICAL FILE and ISSUED a CHRONO HERE HONORING MY PREVIOUS DOCTOR'S ORDER and AFTER having a DOCTOR HERE at R.J.D EVALUATE THE PREVIOUS ORDERS ISSUED a CHRONO OF LOWER TIER OR GROUND FLOOR - LOWER BUNK

SEE ATTACHED SHEET

If you need more space, attach one additional sheet.

B. Action Requested: TO BE COMPENSATED IN MONITARY VAULE FOR PAIN, INJURIES and SUFFERN FOR all STAFF NAMED AND YET TO BE NAMED lATER TO BE FIRED, CRIMINAL CHARGES FILED agAINST 911. BY THE D.A. and all STAFF BE REPREMANED AND OR FIRED UPON FINDINGS OF MISCONDUCT AND THAT ALL ADMINISTRATIVE REMEDIES BE EXHAUSTED TO CLEAR WAY FOR FILING OF SUIT. IF SETTLEMENT CANNOT BE REACHED.

Inmate/Parolee Signature: Jackie Gardlock P-39125   Date Submitted: July 1st -07

C. INFORMAL LEVEL (Date Received: _____)

Staff Response: _____

BYPASS

Staff Signature: _____   Date Returned to Inmate: _____

RECEIVED SEP 28 2007 INMATE APPEALS BRANCH

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

BYPASS

Signature: _____   Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim   CDC Appeal Number:

07-1663

and is also Marked clearly Bottom Bunk and
is also Marked Permenant. Said chrono clearly
States, This Form Shall Be Honored as a
Permenant chrono at all Institutions, Said chrono
is clearly Signed By currently Employed Medical
Staff Here at R.J.D. Doctor, Robert Walker,
and clearly Dated, So There could Be no
Mistake or Issue about it's authenticity. I was
Essorted to FAC-one-Bld-3, Upon Entering the
Building I Encountered c/o Thompson and a Male
c/o Slightly obesse elderly Whom I could not obtain his
Name But I'm Sure Institutional Duty Roster can clear
This Matter Up, 3rd Watch, FAC-1-Bld-3-6-11-07
When Both c/o's Told Me I was to be Housed on
The Top Floor and on a Top Bunk I Informed
Them of my Medical chrono, The Male c/o
Said let me See it" and I handed it to Him - He
Read it and snorted, and Replyed "Yeah Well, do you
Know How many People got chrono's in Here?
I Replyed That is Neither my concern or my
Business, my concern is For my Health and Safety
I Need a Bottom Floor - Bottom Bunk, at This time
c/o Thompson Said There is No Bunk open, listen
You'll only Be Here Two days and You'll Be
Transffred, To The 5 Yard, (Which was on at Right
(RR) I Told Them No, I'm 300+ and I have Back
Injuries, I Need a Bottom Bunk, it was Then
That the The Male c/o Threatend Me, To Push
His Personal alarm and have me Put in The Hole
and This is Where The law and my Rights were
Violated, I charge Under Penalty of Perjury
That c/o's Thompson and Her Male Partner
Knowingly and Willfully Violated Doctor's orders
and By Do So Maliciously Intended to Place
my Life and Health In Jeopardy on

6-11-07, TO 6-15-07 I WAS MADE TO live
IN DANGER, I complained TO SGT CRUZ OF
WHOM I also NAME and CHARGE He MADE NO
ACTION TO HELP, I ASKED C/O's HAMIL, TyRell
EVEN The CCI OF THE UNIT, NOBody WOULD DO
NOTHING, ONE C/O A BLACK OFFICER WHO WORKS
2Nd OR 3Rd WATCH IN BLD 3, TOLD ME "This IS A SELF SERVE
PRISON, AFTER I TRIED TO SHOW HER MY CHRONO
I also CHARGE HER TOO, SHE MADE THIS STATMENT
2Nd W— ON 6-12 OR 13, 07. NO ONE TRIED UNTIL
6-15.07 I fell OFF THE TOP BUNC SEVERELY INJURY
MY LEFT FOOT, SLICING OPEN THE little TOE
I WAS TAKEN BY AmbLANce TO HOSPITAL
I ReINJURED MY LOWER Back SPRAINS MY
FOOT VERY BADLY, UPON BEING EXAMINED AT
THE CLINIC THE DOCTOR STATED I could HAVE
BEEN killed. I AM IN CONSTANT PAIN
also I INJURED MY RIGHT THIGH, WITH SEVERAL
BRUSES, I'M SUFFERING DUE TO STAFF GROSS
NEGELECT and DELIBERATE INDIFFERENCE TOWARDS
MY SAFETY all IGNORED MY PLEAS FOR HELP UNTIL
TO LATE I ALSO CHARGE LT WALKER IT
HAPPEND ON his WATCH, FURTHER MORE I AM A
LEVEL ONE INMATE WITH A PLACEMENT SCORE OF
8 POINTS, MADE — FORCED TO CELL WITH
AN INMATE WITH life. I Could HAVE Been killed
BY STAFF'S LACK OF JUDGMENT AND
UNProfessionalism.

_____ D-34120
FAC 1-1 116 LOW

_____ July - 1st - 2007

I HAVE SINCE MOVED
TO FAC-5-22-23 LOW

#2 Supplemental Report To 2nd level Response
and 3rd level Reponce.
By Staff's actions of placing me in the cell 220 up
Violated DR's criteres, They made No attempt what so
ever To accomodate my medical needs, Before Hand.
Thus Their actions alone warrant misconduct on there
Behalf,


FACT 2   Correctional Lieutenant D, Arguilez, Statments Ditemps
To Split The Truth, See first level Response,
He States That my medical Restrictions were satisfied
on June 15-07, as if This was Done Before any
incident occured, This is a un-Truth, In fact,
I was only moved After The Doctor called custody staff
in my Presence And told Them I could have Been Killed
That I have a sleeping Disorder an Arugment
ensured Between DR, Walsh and The SfT on 2nd watch
At The clinic, It was Then, and only Then, That
LT Walker instructed C/O Tyrell To find me a cell
Before shift Change on 3rd watch 6-15-07


That was How my cell move come about, After
The Fact, Not Before, As LT D, Arguilez tries To
Make it Seam,   See Attached Supplemental Sheet #3
once again it was After
The Accident Not Befor.

                                   Jace Navellat
                                   P-34125
                              fac- 5-22-238 Low

9-24-07

CALIFORNIA PENAL CODE

118.1 Peace officer, filing false Reports.
Any Peace officer who files any Report with
The Agency who Employes Him or Her Regarding
the commission of Any crime or Any investigation
of Any crime if He or She knowingly and
intenionally makes any statement Regarding
Any matter material in the Report which the
officer knows to be false Weather or not
The statement is certified or otherwise
Expresly Reported as True is guilty of filing
a false Report, Punishable by Imprisonment
in The county Jail for up to ONE year or
in State Prison for ONE, Two, or Three years

It is my opioin that LT **ARGuilez** is guilty
of filing a false Report See attached.

I have make copies of said statements and
communicated Them to The San Diego county
District Attorney's office for investigation,
of criminal Misconduct, Along with copies also
of This Report of my civil Rights Being Violated,
By Peace officer staff,

_Jane Murdock_
P-34125
FAC-5-22-238 Low

**E. Request for Relief**

Plaintiff requests that this Court grant the following relief:

      1. An injunction preventing defendant(s): From taking malicious recourse against plaintiff, including harassment; Preventing lack of medical treatment to inmates and require staff to honor all legitimate medical chronos.

      2. Damages in the sum of $ 700,000.00 .

      3. Punitive damages in the sum of $ 500,000.00 .

      4. Other: All medical issues arising from this incident to be handled by the State of California both now and in the Future. .

**F. Demand for Jury Trial**

Plaintiff demands a trial by ☒ Jury ☐ Court. (Choose one.)

**G. Consent to Magistrate Judge Jurisdiction**

In order to insure the just, speedy and inexpensive determination of Section 1983 Prisoner cases filed in this district, the Court has adopted a case assignment involving direct assignment of these cases to magistrate judges to conduct all proceedings including jury or bench trial and the entry of final judgment on consent of all the parties under 28 U.S.C. § 636(c), thus waiving the right to proceed before a district judge. The parties are free to withhold consent without adverse substantive consequences.

The Court encourages parties to utilize this efficient and expeditious program for case resolution due to the trial judge quality of the magistrate judges and to maximize access to the court system in a district where the criminal case loads severely limits the availability of the district judges for trial of civil cases. Consent to a magistrate judge will likely result in an earlier trial date. If you request that a district judge be designated to decide dispositive motions and try your case, a magistrate judge will nevertheless hear and decide all non-dispositive motions and will hear and issue a recommendation to the district judge as to all dispositive motions.

You may consent to have a magistrate judge conduct any and all further proceedings in this case, including trial, and the entry of final judgment by indicating your consent below.

Choose only one of the following:

☒ Plaintiff consents to magistrate judge jurisdiction as set forth above.

     OR     ☐ Plaintiff requests that a district judge be designated to decide dispositive matters and trial in this case.

August 5, 2008
Date

Signature of Plaintiff