FILED

2010 OCT 13 PM 12: 06

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACIE LEE GOUDLOCK, JR.,<br><br>Plaintiff,<br><br>vs.<br><br>ROBERT HERNANDEZ; et al.,<br><br>Defendants. | CASE NO. 08-cv-0204 BEN (RBB)<br><br>ORDER DISMISSING DEFENDANT CRUZ WITHOUT PREJUDICE |

Plaintiff is an inmate at Donovan Correctional Facility ("Donovan") and is proceeding pro se, under *in forma pauperis* status. Plaintiff filed a complaint under 42 U.S.C. § 1983 against various defendants, alleging his Eighth Amendment rights were violated when medical treatment was delayed after Plaintiff fell off the top bunk bed in his cell, among other things.

Defendant Cruz is one of two remaining defendants in this case.[1] According to Plaintiff, Defendant Cruz was a correctional sergeant at Donovan Correctional Facility at the time in question. (First Am. Compl., ¶ 2.) Plaintiff made two attempts to serve Defendant Cruz, but without success. Given the circumstances, the Court issued an order directing the Attorney General to provide reasonable efforts to assist in the matter, as more fully detailed in the Court's order dated September 3, 2010. (Docket No. 43.) The Attorney General complied. (Docket No. 45.) Nonetheless, service has still not been accomplished on Defendant Cruz.

---

[1] The other remaining defendant is Defendant Thompson.

1   Federal Rule of Civil Procedure 4(m) provides that a plaintiff must serve a defendant within
2   120 days after filing the complaint. Fed. R. Civ. P. 4(m). Failure to do so may result in dismissal
3   without prejudice. *Id.* As previously noted by the Court, an incarcerated pro se plaintiff is entitled to
4   rely on the U.S. Marshal to effect service of the summons and complaint. 42 U.S.C. § 1915(d).
5   However, where such plaintiff fails to provide accurate and sufficient information to effect service,
6   sua sponte dismissal of the unserved defendants may be appropriate. *See Walker v. Sumner*, 14 F.3d
7   1415, 1421-22 (9th Cir.1994), *overruled on other grounds by Sandin v. Connor*, 515 U.S. 472 (1995).
8   Here, the U.S. Marshal twice attempted service on Defendant Cruz using the information provided by
9   Plaintiff, but was unsuccessful. The Attorney General likewise used reasonable efforts to provide
10  additional information to assist Plaintiff, but service was still not accomplished. The Court, therefore,
11  concludes that Plaintiff has not carried his burden under Rule 4(m) and finds dismissal of Defendant
12  Cruz appropriate.
13  Accordingly, Defendant Cruz is dismissed without prejudice.

14  **IT IS SO ORDERED.**
15  Date: October /2, 2010

Hon. Roger T. Benitez
United States District Court Judge