UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACIE LEE GOUDLOCK, JR.,<br><br>             Plaintiff,<br><br>v.<br><br>ROBERT HERNANDEZ, et al.,<br><br>             Defendants. | Civil No.  08cv00204 BEN (RBB)<br><br>**ORDER DENYING PLAINTIFF'S REQUEST FOR APPOINTMENT OF COUNSEL [ECF NO. 50]** |

    Plaintiff Jacie Lee Goudlock, Jr., a state prisoner proceeding pro se and in forma pauperis, filed a Complaint on February 1, 2008, pursuant to 42 U.S.C. § 1983 [ECF No. 1]. He filed a First Amended Complaint on August 8, 2008 [ECF No. 7].[1] Plaintiff alleges that his Eighth Amendment rights were violated when prison officials' medical response was delayed after he fell off the top bunk bed in his cell. (Am. Compl. 3-4, ECF No. 7.) Also, Goudlock claims his rights were violated when he was forced to live in

---

[1] Because the pages in Goudlock's First Amended Complaint are not consecutively numbered, the Court will cite to this document using the page numbers assigned by the electronic case filing system.

conditions that were inadequate in light of his medical condition. (Id. at 8, 14.)

Although the original complaint named Defendants Hernandez and Garcia, the First Amended Complaint does not; these two Defendants were therefore dismissed on December 2, 2008 [ECF No. 12]. On September 15, 2009, United States District Court Judge Roger Benitez granted Defendant Peterson's motion to dismiss count two of the First Amended Complaint [ECF No. 34]. On October 13, 2010, Judge Benitez dismissed Defendant Cruz without prejudice because Plaintiff failed to serve Cruz with the summons and Complaint, leaving Defendant Thompson as the only remaining Defendant [ECF No. 48]. On November 19, 2010, Thompson filed a motion to dismiss the First Amended Complaint, which is currently being briefed [ECF No. 52].

This is the fourth time Plaintiff has asked the Court to appoint him an attorney. On May 6, 2008, Plaintiff filed his first motion to appoint counsel [ECF No. 5]. The Court denied this request and dismissed the case on July 1, 2008 [ECF No. 6]. The case was reopened on August 8, 2008, when Goudlock filed his First Amended Complaint [ECF No. 7]. Three days later, he filed a second motion for appointment of counsel [ECF No. 9], which was denied [ECF No. 11]. On January 26, 2009, Plaintiff filed an amended motion for appointment of counsel [ECF No. 20], his third request, which was denied for the same reasons the Court identified when denying Goudlock's second request [ECF No. 22]. Then, on October 21, 2010, Plaintiff filed his fourth Request for Appointment of

Counsel [ECF No. 50].[2] Although Plaintiff should have filed a motion for reconsideration, the Court will construe this Motion as one seeking reconsideration. See S.D. Cal. Civ. L.R. 7.1(i)(1).

In support of this Motion, Plaintiff asserts the following: (1) His claim is meritorious; (2) he has made a diligent effort to obtain counsel; (3) Goudlock is unable to afford an attorney; (4) the issues in this case are complex; (5) he has limited education and does not understand court rules; and (6) Plaintiff has already attempted to represent himself in this litigation and has been unsuccessful. (Req. Appointment Counsel 1, 4, ECF No. 50.)

28 U.S.C. § 1915(e)(1) provides: "The court may request an attorney to represent any person unable to afford counsel." 28 U.S.C.A. § 1915(e)(1) (West 2010). But "it is well-established that there is generally no constitutional right to counsel in civil cases." United States v. Sardone, 94 F.3d 1233, 1236 (9th Cir. 1996) (citing Hedges v. Resolution Trust Corp., 32 F.3d 1360, 1363 (9th Cir. 1994)). There is also no constitutional right to appointed counsel to pursue a § 1983 claim. Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997) (citing Storseth v. Spellman, 654 F.2d 1349, 1353 (9th Cir. 1981)); accord Campbell v. Burt, 141 F.3d 927, 931 (9th Cir. 1998). Federal courts do not have the authority "to make coercive appointments of counsel." Mallard v. United States Dist. Court, 490 U.S. 296, 310 (1989) (discussing § 1915(d)); see also United States v. $292,888.04 in U.S. Currency, 54 F.3d 564, 569 (9th Cir. 1995).

---

[2] The Court will also cite to Goudlock's Motion for Appointment of Counsel using the page numbers assigned by the Court's electronic case filing system.

Nevertheless, district courts have discretion, pursuant to 28 U.S.C. § 1915(e)(1), to request attorney representation for indigent civil litigants upon a showing of exceptional circumstances. See Agyeman v. Corrs. Corp. of Am., 390 F.3d 1101, 1103 (9th Cir. 2004) (citing Franklin v. Murphy, 745 F.2d 1221, 1236 (9th Cir. 1984)); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Burns v. County of King, 883 F.2d 819, 824 (9th Cir. 1989). "A finding of the exceptional circumstances of the plaintiff seeking assistance requires at least an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims 'in light of the complexity of the legal issues involved.'" Agyeman, 390 F.3d at 1103 (quoting Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986)). "'Neither of these factors is dispositive and both must be viewed together before reaching a decision.'" Terrell, 935 F.2d at 1017 (quoting Wilborn, 789 F.2d at 1331).

### I.   Likelihood of Plaintiff's Success on the Merits

To receive court-appointed counsel, Goudlock must present a nonfrivolous claim that is likely to succeed on the merits. Wilborn, 789 F.2d at 1331. The First Amended Complaint purports to state causes of action arising under the Constitution for deliberate indifference to Plaintiff's serious medical needs and violations of his right to be free from cruel and unusual punishment. (Am. Compl. 3-4, 8, 14, ECF No. 7.) Plaintiff contends that the constitutional violations occurred while he was incarcerated at Richard J. Donovan State Prison ("Donovan") between June 11, 2007, and June 15, 2007. (Id. at 1.)

In count one, Goudlock claims that on June 15, 2007, at approximately 4:00 a.m., he fell off the top bunk bed in his cell while sleeping. (Id. at 3.) As a result, Plaintiff "cut [his] left foot to the point that the injury needed stitches, and was bleeding profusely, as well as twist[ed] [his] ankle, shav[ed] off skin on [his] right thigh, and caus[ed] further damage to an already damaged [s]ciatic nerve." (Id.) He states that unknown correctional officers failed to respond to his pleas for help, in violation of his Eighth Amendment right to be free from cruel and unusual punishment. (Id.)

Plaintiff claims in count two that Defendant Peterson, a registered nurse, made Goudlock wait five hours for medical treatment after he arrived at Facility One Medical Clinic. (Id. at 4.) He also contends that although Doctor Lindsey Dugan ordered that Plaintiff be taken to the triage area for stitches, he was unable to receive stitches because too much time had elapsed since his injury. (Id.) As a result, Goudlock contends he was denied adequate medical care. (Id.)

In count three, Plaintiff claims Defendants Thompson and Cruz forced him to live in conditions that were inadequate for his medical condition. (Id. at 8.) Defendants placed Goudlock in "cell 220 up" and ignored his Comprehensive Accommodation Chrono, in which a physician noted that Plaintiff should be assigned to a ground floor cell and a bottom bunk. (Id.; see id. at 16.) He claims he suffers from a "sleeping disorder" that causes him to urinate in his bed at least twice per night, and as a result of soaking in his urine, he developed a severe rash. (Id. at 8.) Plaintiff states Defendant Thompson did not attempt to contact any

superior to learn more about Goudlock's medical conditions. (Id.) Defendants could have prevented his injuries if they did not ignore his medical accommodation chrono. (Id.)

Plaintiff alleges in count four that Defendant Cruz forced him to live in inadequate conditions and condoned the constitutional violations. (Id. at 14.) Goudlock told Cruz about his "back injuries and a sleeping disorder," and showed him his medical chrono, but Cruz did nothing to address Plaintiff's medical condition. (Id.)

As discussed above, count two has been dismissed without leave to amend, and all Defendants other than correctional officer Thompson have been dismissed. (See Order Dismissing Defs. Hernandez & Garcia 3, ECF No. 12; Order Adopting Report & Recommendation Granting Def. Peterson's Mot. Dismiss 2, ECF No. 34; Order Dismissing Def. Cruz Without Prejudice 1, ECF No. 48.) Accordingly, the Court will only consider Plaintiff's active claim — count three against Defendant Thompson — when ruling on Plaintiff's Request for Appointment of Counsel. (See id.)

Two elements comprise an Eighth Amendment claim for deliberate indifference to serious medical needs. Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). "First, the plaintiff must show a 'serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain."'" Id. (citation omitted). "Second, the plaintiff must show the defendant's response to the need was deliberately indifferent." Id. (citation omitted). The second prong "is satisfied by showing (a) a

1  purposeful act or failure to respond to a prisoner's pain or
2  possible medical need and (b) harm caused by the indifference."
3  Id. (citation omitted).
4      With regard to Plaintiff's conditions of confinement, "[i]t is
5  undisputed that the treatment a prisoner receives and the
6  conditions under which he is confined are subject to scrutiny under
7  the Eighth Amendment."  Helling v. McKinney, 509 U.S. 25, 31
8  (1993).  The Eighth Amendment requires that prison officers furnish
9  inmates with basic human needs, including shelter, medical care,
10 and personal safety.  Id. at 32-33 (quoting DeShaney v. Winnebago
11 Cnty. Dep't of Soc. Servs., 489 U.S. 189, 199-200 (1989)); Wright
12 v. Rushen, 642 F.2d 1129, 1132-33 (9th Cir. 1981) (quotation
13 omitted); Rideau v. Minnick, No. 09cv0296 BTM (Wmc), 2010 U.S.
14 Dist. LEXIS 64063, at *8 (S.D. Cal. June 28, 2010) (quoting
15 Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982); citing Farmer
16 v. Brennan, 511 U.S. 825, 834 (1994)).  But to the extent that
17 prison conditions "are restrictive and even harsh, they are part of
18 the penalty that criminal offenders pay for their offenses against
19 society."  Rhodes v. Chapman, 452 U.S. 337, 347 (1981).
20     To satisfy the requirements for an Eighth Amendment
21 conditions-of-confinement claim, "a prison official must have a
22 'sufficiently culpable state of mind.'"  Farmer, 511 U.S. at 834
23 (quoting Wilson v. Seiter, 501 U.S. 294, 297 (1991).  Specifically,
24 the inmate must allege facts sufficient to show that a prison
25 official's acts or omissions deprived him of "'the minimal
26 civilized measure of life's necessities,'" and that the defendant
27 acted or failed to act "in the face of an unjustifiably high risk
28

of harm that is either known or so obvious that it should be known." Id. at 823, 836.

It is too early for the Court to determine Plaintiff's likelihood of success on the merit of his claims against Thompson. Defendant Thompson's pending motion to dismiss the First Amended Complaint does not address Plaintiff's failure to state a claim upon which relief may be granted. See Fed. R. Civ. P. 12(b)(6). Rather, the motion is based on Goudlock's purported "express attempt to voluntarily dismiss Defendant Thompson from this case." (Mot. Dismiss 1, ECF No. 52.) Without additional factual information, the Court cannot conclude whether Plaintiff is likely to succeed on the merits. See Bailey v. Lawford, 835 F. Supp. 550, 552 (S.D. Cal. 1993).

## II.  **Plaintiff's Ability to Proceed Without Counsel**

To be entitled to appointed counsel, Goudlock must also demonstrate that he is unable to effectively litigate the case pro se, in light of the complexity of the issues involved. See Wilborn, 789 F.2d at 1331.

Courts have required that "indigent plaintiffs make a reasonably diligent effort to secure counsel as a prerequisite to the court's appointing counsel for them." Bailey, 835 F. Supp. at 552. In support of his request for court-appointed counsel, Goudlock claims he has attempted to obtain counsel. (Req. Appointment Counsel 1, ECF No. 50.) He has contacted attorneys Rajan Maline, the Prison Law Office, and Latoya Redd. (Id. at 3.) Plaintiff attaches to his Motion a legal mail log and states, "[A]ll attorneys are highlighted that I contacted." (Id.) But in the attached mail log entitled, "R.J. Donovan State Prison Legal

Mail Program," Plaintiff has circled only one attorney, Rajan Maline. (Id. at 8-27.) Goudlock also attaches to the Motion a letter from the Victim Compensation and Government Claims Board (VCGCB) denying representation. (Id. at 28.) It is unclear whether Plaintiff contacted only these four attorneys, or whether he contacted more but failed to highlight them on the attached log. In any event, it appears he has made a reasonably diligent effort to secure counsel prior to seeking an order appointing counsel.

Next, Goudlock claims he should be appointed counsel because his claim is meritorious. (Id. at 1.) As discussed above, the Court is unable to determine whether Plaintiff is likely to succeed on the merits without additional factual information. See Bailey, 835 F. Supp. at 552. Goudlock also argues he is unable to afford counsel. (Req. Appointment Counsel 1, ECF No. 50.) This argument is not compelling because indigence alone does not entitle a plaintiff to appointed counsel.

Further, Goudlock contends that the issues in the case are complex. (Id. at 4.) Plaintiff is only entitled to court-appointed counsel if he can show "that because of the complexity of the claims he [is] unable to articulate his positions." Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997). Here, the Court understands Goudlock's claims and the relief he seeks. Plaintiff has not shown anything in the record that makes this case "exceptional" or the Eighth Amendment legal issues in it particularly complex. See id. (explaining that the test is not whether the appellant might have fared better with counsel). Any difficulty Goudlock may have experienced in litigating his case

does not appear to have been caused by the complexity of the issues involved. See Wilborn, 789 F.2d at 1331.

Finally, Plaintiff claims that he has limited education and does not understand court rules. (Req. Appointment Counsel 4, ECF No. 50.) Also, he has tried to represent himself in this litigation and has been unsuccessful. (Id.) "[A]ny pro se litigant certainly would be better served with the assistance of counsel." Rand, 113 F.3d at 1525; see also Wilborn, 789 F.2d at 1331 ("[A] pro se litigant will seldom be in a position to investigate easily the facts necessary to support the case.") (footnote omitted). When a plaintiff appears pro se in a civil rights case, courts must construe the pleadings liberally and afford the plaintiff any benefit of the doubt. Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir. 1988); Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir. 1992) (stating that the rule of liberal construction is especially important in civil rights cases).

Goudlock has attempted to file documents that did not meet the Court's filing requirements, but this does not demonstrate the existence of exceptional circumstances requiring counsel. (See, e.g., Notices Doc. Discrepancies, ECF Nos. 8, 10, 14, 17, 19.) Plaintiff's Amended Complaint is adequate in form. Through his own efforts, Goudlock properly filed a motion for in forma pauperis status, four motions for court-appointed counsel, an opposition to Defendant Peterson's motion to dismiss, and two notices of change of address [ECF Nos. 2, 4-5, 9, 20, 26, 28, 31]. Plaintiff has submitted attachments to several pleadings and organized his arguments in a coherent manner, which suggests his ability to

1 navigate the legal process.  See Plummer v. Grimes, 87 F.3d 1032,
2 1033 (8th Cir. 1996) (finding the district court did not abuse its
3 discretion in denying plaintiff counsel, in part because plaintiff
4 adequately filed a complaint and other pre-trial materials).
5    Plaintiff's motions and responses may not match the quality of
6 pleadings that an attorney could prepare; nvertheless, their
7 overall organization is sufficient.  See Rand, 113 F.3d at 1525.
8 Goudlock is not in any different position than other pro se
9 litigants who have brought similar Eighth Amendment claims, and the
10 Court will consider this in construing his pleadings.  See
11 Karim-Panahi, 839 F.2d at 623; Ferdik, 963 F.2d at 1261 (explaining
12 that courts may liberally construe all pro se inmates' pleadings).
13    After reviewing the record, the "exceptional circumstances"
14 required for court-appointed counsel, pursuant to 28 U.S.C. §
15 1915(e)(1), are absent.  Plaintiff has not made a showing that he
16 is unable to articulate his claims pro se.  See Powell v. Smith,
17 No. CV 1:08-1443-SMM, 2009 U.S. Dist. LEXIS 118416, at *5 (Dec. 2,
18 2009) (citing Rand, 113 F.3d at 1525).  Nor has Goudlock argued
19 that the circumstances have changed since his last motion for
20 appointment of counsel was denied.  (See Mins., Jan. 29, 2009, ECF
21 No. 22.)
22 //
23 //
24 //
25 //
26 //
27 //
28

1    Because Plaintiff has failed to demonstrate either a
2 likelihood of success on the merits or an inability to represent
3 himself beyond the ordinary burdens encountered by prisoners
4 representing themselves pro se, Plaintiff's motion is **DENIED**.
5    **IT IS SO ORDERED.**

7 DATE: January 10, 2011

    _____
    Ruben B. Brooks
    United States Magistrate Judge

9 cc:  Judge Benitez
     All Parties of Record