1

2

3

4

5

6

7

8                         UNITED STATES DISTRICT COURT

9                       SOUTHERN DISTRICT OF CALIFORNIA

10

11    JACIE LEE GOUDLOCK, JR.,            )   Civil No. 08cv00204 BEN (RBB)
                                          )
12                   Plaintiff,           )   **REPORT AND RECOMMENDATION RE:**
                                          )   **DENYING DEFENDANT THOMPSON'S**
13                                        )   **MOTION TO DISMISS PLAINTIFF'S**
      v.                                  )   **FIRST AMENDED COMPLAINT AS**
14                                        )   **MOOT [ECF NO. 52] AND GRANTING**
                                          )   **PLAINTIFF'S MOTION TO AMEND**
15    THOMPSON, et al.,                   )   **COMPLAINT [ECF NO. 53], AND**
                                          )   **ORDER CORRECTING NOTICE OF**
16                   Defendants.          )   **DOCUMENT DISCREPANCIES [ECF**
      _____)   **NO. 49]**

17

18         Plaintiff Jacie Lee Goudlock, Jr., a state prisoner proceeding

19    pro se and in forma pauperis, filed a Complaint on February 1,

20    2008, pursuant to 42 U.S.C. § 1983 [ECF No. 1].  He filed a First

21    Amended Complaint on August 8, 2008 [ECF No. 7].[1]  Plaintiff

22    alleges that his Eighth Amendment rights were violated when prison

23    officials delayed the medical response to Goudlock's fall from the

24    top bunk bed in his cell.  (Am. Compl. 3-4, ECF No. 7.)  Also,

25    Plaintiff claims that his rights were violated when he was forced

26

27         [1]  Because the pages in Goudlock's First Amended Complaint are
      not consecutively numbered, the Court will cite to this document
28    using the page numbers assigned by the electronic case filing
      system.

                                      1
                                                          08cv00204 BEN (RBB)

to live in conditions that were inadequate in light of his medical condition.  (<u>Id.</u> at 8, 14.)

Warden Robert Hernandez and Associate Warden Silvia Garcia were named Defendants in Plaintiff's original Complaint, but Plaintiff did not name them in the Amended Complaint and dropped these two Defendants from the caption.  (<u>Compare</u> Compl. 1, <u>with</u> Am. Compl. 1, ECF Nos. 1, 7.)  On December 2, 2008, the Court screened Plaintiff's First Amended Complaint pursuant to §§ 1915(e)(2)(b)(ii) and 1915A(b)(1) [ECF No. 12].  Defendants Hernandez and Garcia were dismissed, and the United States Marshal was directed to effect service of process.  (Order Dismissing Defs. Hernandez & Garcia & Directing Marshal 3, ECF No. 12.)  Defendant Peterson filed a Motion to Dismiss [ECF No. 23]; this Court subsequently recommended that the Motion be granted [ECF No. 33]; and on September 15, 2009, United States District Court Judge Roger Benitez adopted this Court's Report and Recommendation and granted Defendant Peterson's Motion to Dismiss count two of the First Amended Complaint [ECF No. 34].

Defendant Thompson waived service of the First Amended Complaint, and her Waiver of Service was filed on October 6, 2010. (Waiver Service, Oct. 6, 2010.)  Plaintiff did not serve Defendant Cruz within 120 days of filing the First Amended Complaint; consequently, on October 13, 2010, Judge Benitez dismissed Cruz without prejudice [ECF No. 48].  Therefore, the only remaining Defendant is Correctional Officer Thompson.

Defendant Thompson filed this Motion to Dismiss Plaintiff's First Amended Complaint on November 19, 2010, along with a Memorandum of Points and Authorities in Support of the Motion and

08cv00204 BEN (RBB)

an exhibit [ECF No. 52].  Plaintiff did not file an opposition to the Motion to Dismiss, and Thompson did not file a reply.  On December 20, 2010, the Court found Defendant's Motion to Dismiss suitable for decision without oral argument [ECF No. 54].  See S.D. Cal. Civ. L. R. 7.1(d)(1).  Although Civil Local Rule 7.1(f)(3)(c) provides that failure to oppose a motion may constitute consent to the granting of the motion, this Court will evaluate the merits of Defendant's Motion to Dismiss.

On December 2, 2010, while Thompson's Motion to Dismiss was pending, Plaintiff filed a Motion to Amend Complaint -- Adding New Defendants Sgt. R. Perez, R. Amiling, R. Esquilin [ECF No. 53].[2] In his Motion, Goudlock seeks to add three defendants:  (1) Correctional Sergeant R. Perez, (2) Correctional Officer R. Amiling, and (3) Correctional Officer R. Esquilin.  (Mot. Amend Compl. 1, ECF No. 53.)  Defendant Thompson has not filed an opposition, to Plaintiff's Motion.

The Court has reviewed the First Amended Complaint, Defendant Thompson's Motion to Dismiss and its attachment, and Plaintiff's Motion to Amend Complaint and the exhibit.  For the reasons stated below, the district court should **DENY** Defendant's Motion to Dismiss and should **GRANT** Plaintiff's Motion to Amend.

## I.   FACTUAL BACKGROUND

The allegations in the First Amended Complaint arise from events that occurred while Plaintiff was incarcerated at Richard J. Donovan State Prison ("Donovan").  (Am. Compl. 1, ECF No. 7.) Goudlock's first cause of action is against unknown correctional

---

[2] The Court will also cite to the Motion to Amend using the page numbers assigned by the electronic case filing system.

officers.  He claims that on June 15, 2007, at approximately 4:00
a.m., he fell off the top bunk bed in his cell while sleeping.
(<u>Id.</u> at 3.)  As a result, Plaintiff "cut [his] left foot to the
point that the injury needed stitches, and was bleeding profusely,
as well as twist[ed] [his] ankle, shav[ed] off skin on [his] right
thigh, and caus[ed] further damage to an already damaged [s]ciatic
nerve."  (<u>Id.</u>)  He contends that the unknown officers failed to
respond to his calls for help, in violation of his Eighth Amendment
right to be free from cruel and unusual punishment.  (<u>Id.</u>)

In count two, Plaintiff argues that Defendant Peterson, a
registered nurse, caused Goudlock to wait five hours for medical
treatment after he arrived at Facility One Medical Clinic.  (<u>Id.</u> at
4.)  Plaintiff asserts that he was told that stitches were no
longer a treatment option because too much time had elapsed since
his injury.  (<u>Id.</u>)

Goudlock alleges in count three that Defendants Thompson and
Cruz forced him to live in conditions that were inadequate for his
medical condition.  (<u>Id.</u> at 8.)  Defendants placed Goudlock in
"cell 220 up" and ignored his Comprehensive Accommodation Chrono,
in which a physician noted that Plaintiff should be assigned to a
ground floor cell and a bottom bunk.  (<u>Id.</u>; <u>see id.</u> at 16.)
Goudlock also claims he suffers from a "sleeping disorder" that
causes him to urinate in his bed at least twice per night.  (<u>Id.</u> at
8.)  As a result of soaking in his urine, he developed a severe
rash.  (<u>Id.</u>)  Plaintiff asserts that both Thompson and Cruz could
have prevented his injuries if they did not ignore his medical
accommodation chrono.  (<u>Id.</u>)

4

Lastly, Goudlock's fourth cause of action is against Correctional Sergeant Cruz for forcing him to sleep on the top bunk.  (Id. at 14.)

## II.   LEGAL STANDARDS APPLICABLE TO DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

### A.   Motions to Dismiss for Failure to State a Claim

A motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims in the complaint.  See Davis v. Monroe County Bd. of Educ., 526 U.S. 629, 633 (1999).  "The old formula -- that the complaint must not be dismissed unless it is beyond doubt without merit -- was discarded by the Bell Atlantic decision [Bell Atl. Corp. v. Twombly, 550 U.S. 544, 563 n.8 (2007)]."  Limestone Dev. Corp. v. Vill. of Lemont, 520 F.3d 797, 803 (7th Cir. 2008).

A complaint must be dismissed if it does not contain "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp., 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, __ U.S. __, 129 S. Ct. 1937, 1949 (2009).  The court must accept as true all material allegations in the complaint, as well as reasonable inferences to be drawn from them, and must construe the complaint in the light most favorable to the plaintiff.  Cholla Ready Mix, Inc. v. Civish, 382 F.3d 969, 973 (9th Cir. 2004) (citing Karam v. City of Burbank, 352 F.3d 1188, 1192 (9th Cir. 2003)); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995); N.L. Indus., Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986).

The court does not look at whether the plaintiff will "ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see Bell Atl. Corp. v. Twombly, 550 U.S. at 563 n.8.  A dismissal under Rule 12(b)(6) is generally proper only where there "is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001) (citing Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988)).

The court need not accept conclusory allegations in the complaint as true; rather, it must "examine whether [they] follow from the description of facts as alleged by the plaintiff." Holden v. Hagopian, 978 F.2d 1115, 1121 (9th Cir. 1992) (citation omitted); see Halkin v. VeriFone, Inc., 11 F.3d 865, 868 (9th Cir. 1993); see also Cholla Ready Mix, Inc., 382 F.3d at 973 (quoting Clegg v. Cult Awareness Network, 18 F.3d 752, 754-55 (9th Cir. 1994)) (stating that on a Rule 12(b)(6) motion, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged[]").  "Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001).

In addition, when resolving a motion to dismiss for failure to state a claim, courts may not generally consider materials outside of the pleadings. Schneider v. Cal. Dep't of Corrs., 151 F.3d 1194, 1197 n.1 (9th Cir. 1998); Jacobellis v. State Farm Fire & Cas. Co., 120 F.3d 171, 172 (9th Cir. 1997); Allarcom Pay

08cv00204 BEN (RBB)

1  Television Ltd. v. Gen. Instrument Corp., 69 F.3d 381, 385 (9th
2  Cir. 1995).  "The focus of any Rule 12(b)(6) dismissal . . . is the
3  complaint."  Schneider, 151 F.3d at 1197 n.1.  This precludes
4  consideration of "new" allegations that may be raised in a
5  plaintiff's opposition to a motion to dismiss brought pursuant to
6  Rule 12(b)(6).  Id. (citing Harrell v. United States, 13 F.3d 232,
7  236 (7th Cir. 1993)).

8      "When a plaintiff has attached various exhibits to the
9  complaint, those exhibits may be considered in determining whether
10 dismissal [i]s proper . . . ."  Parks Sch. of Bus., Inc, 51 F.3d at
11 1484 (citing Cooper v. Bell, 628 F.2d 1208, 1210 n.2 (9th Cir.
12 1980)).  The court may also consider documents "'whose contents are
13 alleged in a complaint and whose authenticity no party questions,
14 but which are not physically attached to the [plaintiff's]
15 pleading.'"  Sunrize Staging, Inc. v. Ovation Dev. Corp., 241 F.
16 App'x 363, 365 (9th Cir. 2007) (quoting Janas v. McCracken (In re
17 Silicon Graphics Inc. Sec. Litig.), 183 F.3d 970, 986 (9th Cir.
18 1999)) (alteration in original); see Stone v. Writer's Guild of Am.
19 W., Inc., 101 F.3d 1312, 1313-14 (9th Cir. 1996).

20     These Rule 12 (b)(6) guidelines apply to Defendants' Motion to
21 Dismiss.

22 **B.  <u>Standards Applicable to Pro Se Litigants</u>**

23     Where a plaintiff appears in propria persona in a civil rights
24 case, the court must construe the pleadings liberally and afford
25 the plaintiff any benefit of the doubt.  Karim-Panahi v. Los
26 Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir. 1988).  The rule
27 of liberal construction is "particularly important in civil rights
28 cases."  Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir. 1992).

In giving liberal interpretation to a pro se civil rights complaint, courts may not "supply essential elements of claims that were not initially pled." Ivey v. Bd. of Regents of the Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss." Id.; see also Jones v. Cmty. Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984) (finding conclusory allegations unsupported by facts insufficient to state a claim under § 1983). "The plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support the plaintiff's claim." Jones, 733 F.2d at 649 (internal quotation omitted).

Nevertheless, the Court must give a pro se litigant leave to amend his complaint "unless it determines that the pleading could not possibly be cured by the allegation of other facts." Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (quoting Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995)). Thus, before a pro se civil rights complaint may be dismissed, the court must provide the plaintiff with a statement of the complaint's deficiencies. Karim-Panahi, 839 F.2d at 623-24. But where amendment of a pro se litigant's complaint would be futile, denial of leave to amend is appropriate. See James v. Giles, 221 F.3d 1074, 1077 (9th Cir. 2000).

**C.   Stating a Claim Under 42 U.S.C. § 1983**

To state a claim under § 1983, the plaintiff must allege facts sufficient to show (1) a person acting "under color of state law" committed the conduct at issue, and (2) the conduct deprived the plaintiff of some right, privilege, or immunity protected by the

1  Constitution or laws of the United States.   42 U.S.C.A. § 1983

2  (West 2010); Shah v. County of Los Angeles, 797 F.2d 743, 746 (9th

3  Cir. 1986).

**III.   DEFENDANT'S MOTION TO DISMISS**

5      Defendant Thompson asserts that the allegations against her

6  should be dismissed because Plaintiff voluntarily dismissed

7  Thompson in a letter, dated October 7, 2010, Goudlock attempted to

8  file, and the Court rejected.  (Mot. Dismiss Attach. #1 Mem. P. &

9  A. 2, ECF No. 52 (citing id. Ex. A).)  Defendant includes a copy of

10 the rejected letter with the Motion to Dismiss, which is also a

11 part of the public docket.  (See id. Ex. A at 4-5; Notice Doc.

12 Discrepancies 1-2, ECF No. 49); see also Coto Settlement v.

13 Eisenberg, 593 F.3d 1031, 1038 (9th Cir. 2010) (stating that on

14 motions to dismiss, courts may consider matters of public record).

15     In the Motion, Thompson cites a portion of the Plaintiff's

16 letter.  (Mot. Dismiss Attach. #1 Mem. P. & A. 2, ECF No. 52

17 (citing id. Ex. A at 5); Notice Doc. Discrepancies 2, ECF No. 49.)

18         C/O Thompson is not the officer involved in my
           case.  The correctional officers involved are
19         as follows.  On 6-11-07 in build[ing] #3 on the
           FAC #1.  H/U # floor.  Estes, R. H/U 3 floor
20         Snyder R. 6-15-07.  H/U 3 on 1st watch.  In
           control - Amiling R.  H/U 3 on floor 1 watch
21         Esquilin. R.  These are the Defendants.

22             Can you tell me what else do I do.  These
           are the names of the true Defendants.  I would
23         like to drop Officer Thompson, she was named by
           mistake through erroneous information.

24

25 (Notice Doc. Discrepancies 2, ECF No. 49.)  The letter appeared to

26 request that the Clerk of Court amend Plaintiff's Complaint.  (See

27 id.)  The letter was returned to Goudlock with the following

28

9

explanation:  "Request not grantable by the Clerk without further direction of the Judge."  (Id. at 1.)

Defendant states that under Federal Rule of Civil Procedure 41(a)(1)(A)(i), a plaintiff may dismiss an action before the opposing party serves a responsive pleading.  (Id.)  Defendant urges the Court to construe Plaintiff's October 7, 2010 rejected letter as an express attempt by Goudlock to dismiss Thompson from the action.  (Mot. Dismiss Attach. #1 Mem. P. & A. 2, ECF No. 52.)

Federal Rule of Civil Procedure 41(a)(1) establishes two methods by which an action may be voluntarily dismissed without a court order or a motion.  First, the plaintiff may file a notice of dismissal before an answer or summary judgment motion has been served.  Fed. R. Civ. P. 41(a)(1)(A)(i).  Second, the plaintiff may at any time file a stipulation of dismissal signed by all the parties.  Fed. R. Civ. P. 41(a)(1)(A)(ii).  Defendant Thompson asserts that Plaintiff's Amended Complaint should be dismissed under subsection (i).  (Mot. Dismiss Attach. #1 Mem. P. & A. 2, ECF No. 52 (citing Fed. R. Civ. P. 41(a)(1)(A)(i)).)

Rule 41(a)(1)(A)(i) provides that "the plaintiff may dismiss an action without a court order by filing:  (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment . . . ."  A plaintiff has the "absolute right" to voluntarily dismiss an action in this manner, and only notice to the court is required.  Wilson v. City of San Jose, 111 F.3d 688, 692 (9th Cir. 1997) (citing Concha v. London, 62 F.3d 1493, 1506 (9th Cir. 1995)); Safequard Bus. Sys., Inc. v. Hoeffel, 907 F.2d 861, 863 (8th Cir. 1990); McCall-Bey v. Franzen, 777 F.2d 1178, 1184 (7th Cir. 1985) (discussing that the purpose of Rule

41(a) is to enable plaintiffs to either start over or terminate the litigation).  Unless otherwise stated, the dismissal is ordinarily without prejudice to the plaintiff's right to commence another action for the same cause against the same defendants.  Fed. R. Civ. P. 41(a)(1)(B); Concha, 62 F.3d at 1506.

Rule 41(a)(1)(A)(i) requires "filing" the notice of dismissal. Wilson, 111 F.3d at 692.  In fact, not even service is required to effect dismissal.  Id. at n.5 (citing Lockary v. Kayfetz, 917 F.2d 1150, 1157 (9th Cir. 1990)).  Dismissal is effective if the plaintiff files a notice of dismissal before the defendant's service of an answer or motion for summary judgment.  Id. at 692; see id. at n.5 (discussing that the drafters specifically intended that the notice of dismissal must be filed).  "The [filing of notice] itself closes the file.  There is nothing the defendant can do to fan the ashes of that action into life and the court has no role to play."  Pedrina v. Chun, 987 F.2d 608, 610 (9th Cir. 1993); McCall-Bey, 777 F.2d at 1185.  "[I]t is beyond debate that a dismissal under Rule 41(a)(1) is effective on filing, no court order is required . . . and the district court lacks jurisdiction to do anything about it."  Commercial Space Mgmt. Co. v. Boeing Co., 193 F.3d 1074, 1078 (9th Cir. 1999).

The October 7, 2010 letter from Goudlock states that because he mistakenly sued Defendant Thompson, he would like to "drop" her as a Defendant and add additional correctional officers to the action.  (Mot. Dismiss Attach. #1 Mem. P. & A. Ex. A at 4-5, ECF No. 52; Notice Doc. Discrepancies 1-2, ECF No. 49.)  According to Plaintiff, he recently learned the identities of the unknown defendants and would like to name these officers.  (Mot. Dismiss

1  Attach. #1 Mem. P. & A. Ex. A at 5, ECF No. 52; Notice Doc.
2  Discrepancies 2, ECF No. 49.)

3      No Defendant has filed an answer or a motion for summary
4  judgment, and the Court has not converted a motion to dismiss for
5  failure to state a claim to a summary judgment motion.  See
6  Swedberg v. Marotzke, 339 F.3d 1139, 1146 (9th Cir. 2003); see also
7  Cortec Indus., Inc. v. Sum Holding L.P., 949 F.2d 42, 47-48 (2d
8  Cir. 1991); Kennedy v. Full Tilt Poke, No. CV 09-07964 MMM (AGRx),
9  2010 U.S. Dist. LEXIS 112119, at *6 (C.D. Cal. Oct. 12, 2010).
10 Consequently, Goudlock may dismiss this action under Rule 41(a)(1)
11 by filing a notice of dismissal.  See Fed. R. Civ. P.
12 41(a)(1)(A)(i).

13     As discussed above, the Court rejected Plaintiff's October 7,
14 2010 letter for filing because it construed the letter as a request
15 that the Clerk of Court amend Goudlock's Complaint and add new
16 Defendants without the filing of a motion to amend.  (Notice Doc.
17 Discrepancies 1, ECF No. 49.)  This Court instructed, "IT IS HEREBY
18 ORDERED: The document is NOT to be filed, but instead REJECTED."
19 (Id.)  Plaintiff's letter to the Clerk of Court was an inadequate
20 attempt to add Defendants.  It does, however, also state that
21 Goudlock wants to "drop" Defendant Thompson from the case.  (See
22 id.)

23     Rule 41(a)(1)(A)(i) does not require a particular form of a
24 notice of dismissal.  See Williams v. Ezell, 531 F.2d 1261, 1263
25 (5th Cir. 1976) (holding that a failure to cite Rule 41 was
26 irrelevant, and giving no weight to plaintiff's choice to title the
27 document "motion to dismiss" as opposed to "notice of dismissal");
28 see also Harvey Honore' Constr. Co. v. Louisiana Associated, No.

12

96-1976 c/w 95-3699 SECTION "A" (1), 1996 U.S. Dist. LEXIS 16335, at *7 (E.D. La. Oct. 29, 1996).  "Failure to label the document a 'notice of dismissal' is generally harmless if the intent for filing is clear and the plaintiff does not invite any action by the court."  8 James Wm. Moore et al., Moore's Federal Practice § 41.33[4][b], at 41-50 (3d ed. 2010).

It is not significant that Goudlock's letter is not captioned "Notice of Voluntary Dismissal" or does not cite Rule 41.  Id. ("[L]etters from pro se plaintiffs requesting withdrawal of the action have been given the effect of notices.")  Accordingly, the Court construes Goudlock's request that Thompson be "dropped from the case" as a notice of voluntary dismissal.  See Kennedy v. Full Tilt Poke, No. CV 09-07964 MMM (AGRx), 2010 U.S. Dist. LEXIS 112119, at *6-7 (C.D. Cal. Oct. 12, 2010) (construing plaintiffs' "notice of non-opposition" as a notice of voluntary dismissal because plaintiffs cited Rule 41(a)(1)(A)(i) in their pleading); Paul v. Doe, No. 08-1047 MLH (RBB), 2009 U.S. Dist. LEXIS 13350, at *2-3 (E.D. Cal. Feb. 20, 2009) (construing plaintiff's filed "Motion for Voluntary Withdrawal" as a notice of voluntary dismissal pursuant to Rule 41(a)(1) and dismissing the action without prejudice); Dugan v. Lingle, No. 07-00236 DAE-KSC, 2007 U.S. Dist. LEXIS 44518, at *8-10 (D. Haw. June 19, 2007) (construing plaintiff's statement in a letter that if he is not appointed counsel, he "will be forced to request a dismissal (sic) without prejudice on this case" as a notice of voluntary dismissal under Rule 41(a)(1)).

To the extent that Goudlock's October 7th letter was a request directed to the Clerk of Court for permission to add new

13

Defendants, it was properly rejected for filing.  <u>See</u> Fed. R. Civ. P. 15(a)(1), (2).  Plaintiff recognized this and has since filed a Motion to Amend Complaint -- Adding New Defendants.  (Mot. Amend. Compl. -- Adding New Defs., ECF No. 53.)  To the extent that Goudlock's letter was a request to dismiss ("drop") Correctional Officer Thompson from this suit, the letter should have been filed as a "Notice of Dismissal."  Consequently, the Court will correct the mistake by amending the Notice of Document Discrepancies [ECF No. 49] to permit the October 7, 2010 letter to be filed as a "Notice of Dismissal" of Defendant Thompson, but leaving unchanged the rejection of the letter as an attempt to amend the Complaint. <u>See</u> Fed. R. Civ. P. 60(a).

This is consistent with Goudlock's intention at the time. Furthermore, Plaintiff has not opposed Thompson's Motion to Dismiss.  Under these circumstances, Goudlock's letter should be part of the record.  <u>See</u> <u>McCall-Bey</u>, 777 F.2d at 1185 (stating that the filing requirements under Rule 41 is more than a technicality because it ensures that the document becomes part of the permanent record).  Therefore, the requirements of Rule 41(a)(1)(A)(i) have been met.

Accordingly, Defendant Thompson's Motion to Dismiss should be **DENIED** as moot.  Plaintiff's letter, dated October 7, 2010, shall be filed as a Notice of Dismissal of Defendant Thompson.

### IV.  PLAINTIFF'S MOTION TO AMEND

On December 2, 2010, Goudlock filed a Motion to Amend Complaint - Adding New Defendants Sgt. R. Perez, R. Amiling, R. Esquilin [ECF No. 53].  First, Plaintiff seeks to substitute Correctional Sergeant R. Perez for Defendant Cruz.  (Mot. Amend

14

Compl. 1-2, ECF No. 53.)  As noted above, Cruz was dismissed
without prejudice on October 13, 2010.  (Order Dismissing Def. Cruz
Without Prejudice 1-2, ECF No. 48.)  Plaintiff argues in the Motion
to Amend that he discovered new information from the prison
litigation coordinator and asserts that Sergeant Perez is the
appropriate defendant.  (Mot. Amend Compl. 1-2, ECF No. 53.)
Second, Plaintiff seeks to substitute Correctional Officer R.
Amiling and Correctional Officer R. Esquilin for two of the three
unknown defendants initially sued as "3 Unknown C.O.'s on 1st
Watch, Building 3."  (Id. at 2.)  Defendant Thompson, the only
remaining named Defendant, has not opposed Plaintiff's Motion to
Amend.

     Federal Rule of Civil Procedure 15(a)(1) provides, "A party
may amend its pleading once as a matter of course within:  (A) 21
days after service of a responsive pleading or 21 days after
service of a motion under Rule 12(b), (e), or (f), whichever is
earlier."  Federal Rule of Civil Procedure 15(a)(2) states that
"[i]n all other cases, a party may amend its pleading only with the
opposing party's written consent or the court's leave.  The court
should freely give leave when justice so requires."  Because
Plaintiff has already amended his Complaint once as a matter of
course (before a responsive pleading was served), he must seek
leave of court to file a second amended complaint.  See Fed. R.
Civ. P. 15(a)(2).

     Amendments pursuant to Rule 15(a) are liberally granted.
United States v. Webb, 655 F.2d 977, 979 (9th Cir. 1981) ("Rule
15's policy of favoring amendments to pleadings should be applied
with 'extreme liberality.'") (citation omitted); see Eldridge v.

1   <u>Block</u>, 832 F.2d 1132, 1135 (9th Cir. 1987).  "In exercising its

2   discretion 'a court must be guided by the underlying purpose of

3   Rule 15 -- to facilitate decision on the merits rather than on the

4   pleadings or technicalities.'"  <u>DCD Programs, Ltd. v. Leighton</u>, 833

5   F.2d 183, 186 (9th Cir. 1987) (quoting <u>Webb</u>, 655 F.2d at 979).

6   Nonetheless, the moving party must state the grounds for its motion

7   to amend "with particularity."  Fed. R. Civ. P. 7(b); <u>Confederate</u>

8   <u>Mem'l Ass'n, Inc. v. Hines</u>, 995 F.2d 295, 299 (D.C. Cir. 1993)

9   (noting that a bare request in an opposition to a motion to

10  dismiss, without any indication of the grounds for amendment, is

11  not a proper motion to amend under Rule 15(a)); <u>Waters v.</u>

12  <u>Weyerhauser Mortgage Co.</u>, 582 F.2d 503, 507 (9th Cir. 1978).

13      When assessing requests for leave to amend, courts should

14  consider factors such as (1) bad faith, (2) undue delay, (3)

15  prejudice to the opposing party, and (4) futility of amendment.

16  <u>Ditto v. McCurdy</u>, 510 F.3d 1070, 1079 (9th Cir. 2007) (quoting <u>Roth</u>

17  <u>v. Garcia Marquez</u>, 942 F.2d 617, 628 (9th Cir. 1991)); <u>see</u> <u>Foman v.</u>

18  <u>Davis</u>, 371 U.S. 178, 182 (1962); <u>Loehr v. Ventura County Community</u>

19  <u>College Dist.</u>, 743 F.2d 1310, 1319 (9th Cir. 1984); <u>Howey v. United</u>

20  <u>States</u>, 481 F.2d 1187, 1190 (9th Cir. 1973).  "'The party opposing

21  amendment bears the burden of showing prejudice[,]' futility, or

22  one of the other permissible reasons for denying a motion to

23  amend."  <u>First Ascent Ventures, Inc. v. DLC Dermacare, LLC</u>, No. CV

24  06-1794-PHX-JAT, 2006 U.S. Dist. LEXIS 70641, at *8 (D. Ariz. Oct.

25  24, 2006) (quoting <u>DCD Programs, Ltd.</u>, 833 F.2d at 187)).

26      "[T]he 'rule favoring liberality in amendments to pleadings is

27  particularly important for the pro se litigant.'"  <u>Lopez v. Smith</u>,

28  203 F.3d 1122, 1131 (9th Cir. 2000) (quoting <u>Noll v. Carlson</u>, 809

16

F.2d 1446, 1448 (9th Cir. 1987)).  Indeed, the denial of a pro se litigant's request for leave to amend may be appropriate if the complaint lacks merit entirely or if amendment would be futile. Id. at 1130; see also Krier v. Ray, 341 F. App'x 295, 297 (9th Cir. 2009) (quoting Weilburq v. Shapiro, 488 F.3d 1202, 1205 (9th Cir. 2007)).  But failing to apply Rule 15(a) with extreme liberality could penalize a pro se prisoner "not because his complaint is meritless, but because he is 'unskilled in the law' and lacks counsel, a result that is directly contrary to the spirit of the federal pleading rules." Lopez, 203 F.3d at 1129 (quoting Noll, 809 F.2d at 1448).

**A.   Correctional Sergeant R. Perez**

In count three of the First Amended Complaint, Plaintiff alleges that Defendants Thompson and Cruz[3] violated his Eighth Amendment rights when they forced him to live in conditions that were inconsistent with his medical condition.  (Am. Compl. 8, ECF No. 7.)  Goudlock contends that Defendants placed him in a top-tier cell and ignored Plaintiff's accommodation chrono stating that he should be assigned to a ground floor cell and a bottom bunk. (Id.; see id. at 16.)  Plaintiff claims his sleeping disorder causes him to urinate in his bed, and he has developed a severe rash as a result.  (Id. at 8.)  According to Goudlock, Defendants Cruz and Thompson could have prevented these injuries.  (Id.)  In count four, Plaintiff claims that Defendant Cruz forced him to live in these conditions, condoned the constitutional violations, and

---

[3]   Defendant Cruz was dismissed from the First Amended Complaint without prejudice because Plaintiff was unable to serve Cruz in compliance with Federal Rule of Civil Procedure 4(m). (Order Dismissing Def. Cruz Without Prejudice 1-2, ECF No. 48.)

ignored Goudlock's statements about his medical complications.
(<u>Id.</u> at 14.)

In his Motion to Amend, Plaintiff seeks to substitute Correctional Sergeant R. Perez for Defendant Cruz.  (Mot. Amend Compl. 1, ECF No. 53.)  Goudlock states that "[o]n 11-8-2010, [he] received information regarding the identification of defendant formally listed on [his] complaint as Sgt Cruz."  (<u>Id.</u>)  Plaintiff alleges that the litigation coordinator recently told him there has never been a Sergeant Cruz employed at Donovan, and the sergeant on duty that day was Correctional Sergeant R. Perez.  (<u>Id.</u>)

Even <u>after</u> dismissal, courts should grant leave to amend unless the plaintiff cannot allege any facts sufficient to state a claim upon which relief can be granted.  <u>Warner v. Alexander Grant & Co.</u>, 828 F.2d 1528, 1531 (11th Cir. 1987) (emphasis added).  The party opposing amendment bears the burden of showing bad faith, undue delay, futility, or prejudice.  <u>First Ascent Ventures, Inc.</u>, 2006 U.S. Dist. LEXIS 70641, at *8 (quoting <u>DCD Programs, Ltd.</u>, 833 F.2d at 187); <u>see also</u> <u>Richardson v. United States</u>, 841 F.2d 993, 999 (9th Cir. 1988) (stating that leave to amend should be freely granted unless the opposing party makes an affirmative showing of bad faith or undue prejudice).  Prejudice can result if a defendant would be required to participate in additional or extended discovery.  <u>See</u> <u>Zivkovic v. S. Cal. Edison Co.</u>, 302 F.3d 1080, 1087 (9th Cir. 2002); <u>Solomon v. N. Am. Life & Cas. Ins. Co.</u>, 151 F.3d 1132, 1139 (9th Cir. 1998).

Applying the four factors courts consider when assessing motions for leave to amend — bad faith, undue delay, prejudice, and futility — granting Goudlock leave to amend is appropriate.

18

See <u>Ditto</u>, 510 F.3d at 1079.  Since the action's inception, Plaintiff has struggled to ascertain and locate the proper defendants.  The United States Marshals Service made two unsuccessful attempts to serve Defendant Cruz on Goudlock's behalf. (Summons Returned Unexecuted Cruz, Dec. 30, 2008, Aug. 12, 2010, ECF Nos. 15, 42).  Service was still not accomplished after Judge Benitez directed the Deputy Attorney General to assist in locating Cruz.  (Order Directing Att'y Gen. Provide Forwarding Address 2-3, ECF No. 43.)  Judge Benitez ultimately dismissed Cruz.  (Order Dismissing Def. Cruz Without Prejudice 1-2, ECF No. 48 (citing Fed. R. Civ. P. 4(m).)

Although Plaintiff filed this Motion to Amend more than two years after filing the First Amended Complaint, he filed it only three months after receiving confirmation that no sergeant by the name of "Cruz" was employed at Donovan during the relevant time period.  (Mot. Amend Compl. 4, ECF No. 53; Att'y General's Notice Compliance 5, ECF No. 45.)  The facts do not suggest that Goudlock seeks to amend his pleading in bad faith or to cause undue delay. See <u>Kaplan v. Rose</u>, 49 F.3d 1363, 1370 (9th Cir. 1994) (denying leave to amend because plaintiff had two prior amendments, caused undue delay, and knew of the evidence before seeking leave to amend); <u>Texaco, Inc. v. Ponsoldt</u>, 939 F.2d 794, 798-99 (9th Cir. 1991) (finding undue delay where plaintiff waited until after discovery was over, and eight months after summary judgment was granted against it, to seek leave to amend).

Additionally, Goudlock's proposed amendment is not futile. The sufficiency of Goudlock's allegations against Cruz and Thompson in counts three and four has not been considered; Cruz was

dismissed because Plaintiff was unable to effect service, and
Thompson moves to dismiss based on Goudlock's allegedly voluntary
dismissal.  (Order Dismissing Def. Cruz Without Prejudice 1-2, ECF
No. 48; Mot. Dismiss Attach. #1 Mem. P. & A. 2, ECF No. 52.)  The
Court therefore cannot conclude that amendment of Plaintiff's
deliberate indifference and conditions of confinement claims would
be futile.  See Miller v. Rykoff-Sexton, Inc., 845 F.2d 209, 214
(9th Cir. 1988) (stating that amendment is futile only if no set of
facts may be proved under the amendment that could constitute a
valid claim).  Finally, undue prejudice is not likely because the
proposed amendment to substitute Perez arises out of the same
transaction and events as alleged against Defendant Cruz in the
First Amended Complaint.  DCD Programs, Ltd., 833 F.2d at 188
("Where the underlying facts or circumstances of a case 'may be a
proper subject for relief, [a plaintiff] ought to be afforded an
opportunity to test his claims on the merits.'") (quotation
omitted).

     Based on this four-factor analysis, Goudlock should be given
the opportunity to amend the claims he asserted against Defendant
Cruz.  Warner, 828 F.2d at 1531 (stating that courts should freely
grant amendments, even after a complaint has been dismissed); see
Lopez, 203 F.3d at 1131 (favoring liberality in amendments for pro
se litigants).  For these reasons, Plaintiff's Motion to Amend his
Eighth Amendment claims in counts three and four to substitute
Correctional Sergeant Perez for Correctional Sergeant Cruz should
be **GRANTED.**

     The district court should allow Goudlock to amend his
deliberate indifference to serious medical needs claim and his

conditions of confinement claim against Defendant Cruz for

assigning Plaintiff to a top-tier cell, ignoring his medical

chrono, and failing to address Goudlock's statements about his

medical condition.  Plaintiff should be given leave to file a

second amended complaint with claims identical to the ones alleged

in the First Amended Complaint, except that previous references to

"Defendant Cruz" should be replaced by references to "R. Perez."

**B.**   **Correctional Officers R. Amiling and R. Esquilin**

When he filed the First Amended Complaint, Goudlock did not

know the names of the correctional officers who were on duty on

June 15, 2007, the day Plaintiff claims the unknown officers

violated his Eighth Amendment rights.  (Am. Compl. 1-3, ECF No. 7.)

Consequently, Goudlock named "3 Unknown C.O.'s on 1st Watch,

Building 3" as Defendants in count one.  (Id. at 1.)  Plaintiff

alleges that his Eighth Amendment rights were violated when prison

officials' medical response was delayed after he fell off the top

bunk bed in his cell.  (Id. at 3-4.)

> All pleas for help were completely ignored [by]
> the Unknown Correctional Officers of First
> Watch in Building 3, thus causing a gross
> violation of [his] eighth amendment [right]
> against cruel treatment/Punishment, because the
> officers heard [his] calls for help, and choose
> to ignore [his] pleas, causing [him] to
> unnecessarily suffer without medical treatment.

(Id. (citations omitted).)

In his Motion to Amend, Goudlock states that he has recently

learned the names of two of these unknown defendants, Correctional

Officers R. Amiling and R. Esquilin, and he seeks to name them in

the lawsuit.  (Mot. Amend Compl. 1-2, ECF No. 53.)  Plaintiff

explains, "This information was provided by the litigation

coordinator J. Ramirez[] as staff that was on duty on 6-15-07 at 2200 - 0600 HRS 1st watch.  The date and time of the incident in question." (Id. at 2.)

When a plaintiff does not know the identity of the alleged defendant before filing the complaint, the plaintiff should be afforded the opportunity to identify the unknown defendants. Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999) (quoting Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980)).  But see, Brass v. County of Los Angeles, 328 F.3d 1192, 1197-98 (9th Cir. 2003) (affirming refusal to permit plaintiff to substitute defendants after remand when he did not seek leave to amend to add the previously unknown individuals as named defendants).  The failure to give the plaintiff the opportunity to learn the identity of unknown defendants through discovery is error.  Wilds v. Gines, No. C 08-03348 CW (PR), 2010 U.S. Dist. LEXIS 12127, at *4 (N.D. Cal. Jan. 22, 2010) (citing Wakefield, 177 F.3d at 1163).  "This liberality in granting leave to amend is not dependent on whether the amendment will add causes of action or parties." DCD Programs, Ltd., 833 F.2d at 186.

After applying the four factors, the Court again finds no evidence that Plaintiff's Motion to Amend count one to name Officers Amiling and Esquilin is brought in bad faith or to cause undue delay.  See Ditto, 510 F.3d at 1079 (identifying the factors courts consider when ruling on motions to amend).  Goudlock explains how he discovered that Amiling and Esquilin were the officers on duty when his calls for help were ignored.  (Mot. Amend Compl. 1-2, 7, ECF No. 53.)  Moreover, the amendment would not be futile.  Plaintiff made Eighth Amendment allegations against three

unknown correctional officers in count one of his First Amended Complaint, and amendment of his pleading to include the names of two of these officers would facilitate a decision on the merits. See DCD Programs, Ltd., 833 F.2d at 186. Lastly, the risk of undue prejudice is low. Filing a second amended complaint to include Amiling and Esquilin would not alter the facts on which the original claims are based or introduce new theories of recovery. See Bell v. Allstate Life Ins. Co., 160 F.3d 452, 454 (8th Cir. 1998) (finding prejudice because proposed amendments raised issues involving new legal and factual bases and would require additional discovery); Baisa v. Indymac Fed. Reserve, No. CIV. 2:09-1464 WBS JFM, 2010 U.S. Dist. LEXIS 63025, at *5 (E.D. Cal. June 7, 2010) ("A proposed amendment is prejudicial only when it unfairly affects the defendants' ability to prepare a defense to the amended pleading.")

Plaintiff's Motion to Amend describes with particularity what changes he wishes to make to his First Amended Complaint and why further amendment is necessary. (See Mot. Amend Compl. 1-2, ECF No. 53); Fed. R. Civ. P. 7(b). Accordingly, Plaintiff's Motion to Amend his Eighth Amendment allegations against "3 Unknown C/O's" in count one to name Correctional Officer R. Amiling and Correctional Officer R. Esquilin should be **GRANTED.**

The district court should allow Plaintiff to amend his cruel and unusual punishment claim against unknown officers for providing a delayed medical response after Goudlock fell off the bed in his cell and ignoring his calls for help. Plaintiff should be granted leave to file a second amended complaint with the same claims as those alleged in the First Amended Complaint, except that all

1   previous references to "unknown officers" should be replaced by

2   references to Correctional Officers "R. Amiling" and "R. Esquilin."

3                    **V.   CONCLUSION AND RECOMMENDATION**

4        In the Motion to Dismiss, Defendant Thompson relies on the

5   October 7, 2010 letter Goudlock attempted to file to argue that, in

6   effect, he voluntarily dismissed Thompson under Rule

7   41(a)(1)(A)(i).  The letter should have been filed as a notice of

8   dismissal.  The mistake is corrected with this Order.  As a result,

9   the requirements of Rule 41(a)(1)(A)(i) are met, and Thompson is

10  dismissed from this action.  For this reason, Defendant's Motion to

11  Dismiss Plaintiff's First Amended Complaint should be **DENIED** as

12  moot.

13       To ensure that all of the issues and parties are before the

14  Court, Plaintiff's Motion to Amend his First Amended Complaint

15  should be **GRANTED.**  Goudlock should be granted leave to file a

16  second amended complaint asserting only his deliberate indifference

17  to serious medical needs claim and his conditions of confinement

18  claim against "Correctional Sergeant R. Perez."  Plaintiff should

19  be allowed to file an amended pleading asserting only his cruel and

20  unusual punishment claim against "Correctional Officer R. Amiling"

21  and "Correctional Officer R. Esquilin."

22       Goudlock's second amended complaint should be complete in

23  itself without reference to the prior pleading.  S.D. Cal. Civ. L.

24  R. 15.1.  The amended pleading should be filed and should include

25  copies of all exhibits to which it refers.  Id.  Defendants not

26  named and claims not realleged in the second amended complaint will

27  be considered waived.  See King v. Atiyeh, 814 F.2d 565, 567 (9th

28  Cir. 1987).

1    This Report and Recommendation will be submitted to the United

2    States District Court judge assigned to this case, pursuant to the

3    provisions of 28 U.S.C. § 636(b)(1).  Any party may file written

4    objections with the Court and serve a copy on all parties on or

5    before February 11, 2011.  The document should be captioned

6    "Objections to Report and Recommendation."  Any reply to the

7    objections shall be served and filed on or before February 28,

8    2011.  The parties are advised that failure to file objections

9    within the specified time may waive the right to appeal the

10   district court's order.  Martinez v. Ylst, 951 F.2d 1153, 1157 (9th

11   Cir. 1991).

12       **IT IS SO ORDERED.**

13

14   DATE: January 28, 2011

15                                        Ruben B. Brooks
                                          United States Magistrate Judge

16   cc:  Judge Benitez
17        All Parties of Record

18

19

20

21

22

23

24

25

26

27

28