UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACIE LEE GOUDLOCK, JR.,<br><br>                                    Plaintiff,<br><br>      v.<br><br>R. PEREZ, Correctional Sergeant, R. AMILING, Correctional Officer, and R. ESQUILIN, Correctional Officer,<br><br>                                    Defendants. | Civil No.   08cv204 AJB(RBB)<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION AS MODIFIED AND GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS**<br><br>**[Doc. No. 70.]** |

On February 1, 2008, Plaintiff Jacie Lee Goudlock, a state prisoner proceeding *pro se* and *in forma pauperis,* filed a civil rights complaint pursuant to 28 U.S.C. § 1983. (Dkt. No. 1.) A second amended complaint ("SAC") was filed on April 11, 2011. (Dkt. No. 63.) On July 22, 2011, Defendants filed a motion to dismiss the second amended complaint. (Dkt. No. 70.) An opposition was filed on July 28, 2011. (Dkt. No. 71.) On December 20, 2011, Magistrate Judge Brooks filed a report and recommendation granting in part and denying in part Defendants' motion to dismiss the second amended complaint. (Dkt. No. 74.) Objections were filed on January 30, 2012. (Dkt. No. 77.) For the reasons set forth below and with modifications stated herein, the Court ADOPTS the report and recommendation AS MODIFIED and GRANTS in part and DENIES in part Defendants' motion to dismiss.

**Procedural Background**

On August 8, 2008, Plaintiff filed a first amended complaint against Correctional Officer Thompson, Correctional Sergeant Cruz and Registered Nurse Peterson. (Dkt. No. 7.) On September

1  15, 2009, the Court issued an order adopting the report and recommendation granting Defendant
2  Peterson's motion to dismiss without leave to amend. (Dkt. No. 34.) On October 13, 2010, the
3  Court issued an order dismissing Defendant Cruz for failure to serve. (Dkt. No. 48.) On November
4  19, 2010, the remaining Defendant, Thompson, filed a motion to dismiss the first amended
5  complaint. (Dkt. No. 52.) On December 2, 2010, Plaintiff filed a motion for leave to file a second
6  amended complaint. (Dkt. No. 53.) On January 28, 2011, Magistrate Judge Brooks issued a Report
7  and Recommendation recommending that Defendant Thompson's motion to dismiss the first
8  amended complaint be denied as moot and Plaintiff's motion for leave to file a second amended
9  complaint be granted. (Dkt. No. 59.) On March 14, 2011, the case was transferred to the
10 undersigned judge. (Dkt. No. 62.) On March 29, 2011, the Court issued an order adopting report
11 and recommendation denying Defendant Thompson's motion to dismiss and granting Plaintiff's
12 motion for leave to file a second amended complaint. (Dkt. No. 62.)

13       On April 11, 2011, a second amended complaint was filed against Defendants Correctional
14 Sergeant Perez, Correctional Officer Esquilin and Correctional Officer Amiling. (Dkt. No. 63.) On
15 July 22, 2011, Defendants filed a motion to dismiss the second amended complaint. (Dkt. No. 70.)
16 On July 28, 2011, Plaintiff filed an opposition. (Dkt. No. 71.) On December 20, 2011, the
17 Magistrate Judge filed a report and recommendation granting in part and denying in part
18 Defendants' motion to dismiss. (Dkt. No. 74.) On January 30, 2012, Defendant Perez filed an
19 objection to the report and recommendation. (Dkt. No. 77.)

20 **Factual Background**

21       According to the second amended complaint, on June 15, 2007, at around 4:00, Plaintiff fell
22 asleep due to a medical condition while on the top bunk of a bunk bed. (SAC at 3[1].) As a result of
23 his fall, he cut his left foot "to the point that the injury needed stitches, and was bleeding-profusely,
24 as well as twisting my ankle,-shaving off skin on my right thigh, and causing further damage to an
25 already damaged ciatic nerve." (Id. at 3.) He and his cell mate screamed for assistance from
26 Correctional Officers Esquilin and Amiling who were on duty at the time and they both refused to
27 respond. (Id.) After about 30 minutes and as the pain became unbearable, his cell mate yelled for
28

---
[1]The pagination is based on the CM/ECF pagination.

1  medical help screaming "man down."  (Id.)  The pleas for help were heard and ignored by both
2  officers.  (Id.)
3      A few days before the fall, on June 12, 2007, Plaintiff claims he spoke with Correctional
4  Sergeant Perez about the "dangerous condition" where he was housed.  (Id. at 11.)  Plaintiff
5  explained how two officers forced him into a top bunk on a top tier on June 11, 2007.  (Id.)  Plaintiff
6  showed Perez his comprehensive medical chrono.  (Id.)  Perez asked Plaintiff if his condition was
7  documented in his medical file and Plaintiff replied yes.  (Id.)  Plaintiff further explained that he had
8  "severe sleep apnea" and that he had fallen from his bunk bed at his previous facility.  (Id.)  He
9  claims that he talked with Defendant Perez two more time that week; however, Perez failed to act
10 and allowed Plaintiff to remain in a dangerous situation.  (Id.)

## Discussion

### A.   Scope of Review of Magistrate Judge's Report and Recommendation

13 The district court "shall make a *de novo* determination of those portions of the report . . . to
14 which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or
15 recommendations made by the magistrate."  28 U.S.C. § 636(b)(1); see also Fed. R. Civ. P. 72(b).  A
16 district court may adopt those parts of a Magistrate Judge's report to which no specific objection is
17 made, provided they are not clearly erroneous.  Thomas v. Arn, 474 U.S. 140, 152-53 (1985).

### B.   Eleventh Amendment Immunity

19 Plaintiff has not filed objections as to the Magistrate Judge's recommendation that Plaintiff's
20 monetary claims against the Defendants in their official capacities be granted under the Eleventh
21 Amendment.  After a review of the report and recommendation, the Court GRANTS Defendants'
22 motion to dismiss on Eleventh Amendment grounds to the extent that Plaintiff seeks monetary
23 damages against Defendants in their official capacity and that such claims be DISMISSED with
24 prejudice.

### C.   Section 1983 Claims

26 The Magistrate Judge issued a report and recommendation denying Defendants Esquilin and
27 Amiling's motion to dismiss on Plaintiff's claim for deliberate indifference to serious medical needs
28 under the Eighth Amendment.  (Dkt. No. 74.)  Defendants Esquilin and Amiling did not file

1  objections to the Magistrate Judge's report and recommendation.  After having the reviewed the
2  briefs, applicable law, and report and recommendation, the Court ADOPTS the report and
3  recommendation that Defendants Esquilin and Amiling's motion to dismiss the claim for deliberate
4  indifference to serious medical needs be DENIED.
5       The report and recommendation also recommended denying Perez' motion to dismiss as to
6  the claim for deliberate indifference to serious medical needs and concluded that since Defendant
7  Perez failed to move to dismiss the conditions of confinement claim, that claim remained.  On
8  January 30, 2012, Defendant Perez filed objections to the Magistrate Judge's report and
9  recommendation denying the motion to dismiss.  (Dkt. No. 77.)  Accordingly, the Court reviews *de*
10 *novo* the portions of the report that Perez has filed objections.
11      First, the Court must determine what the cause or causes of action are pled against Defendant
12 Perez.  The Magistrate Judge and Defendant Perez have a different interpretation of the cause of
13 action or actions against Perez.
14      In the report and recommendation, the Magistrate Judge concluded that although Perez is
15 only named in count two for a conditions of confinement claim, he substantively addresses
16 Plaintiff's first count of deliberate indifference to a serious medical need claim directed against
17 Defendants Esquilin and Amiling.  (Dkt. No. 74 at 10.)  Consequently, the Magistrate Judge
18 concluded that Perez did not argue that the conditions of confinement claim for failure to prevent
19 harm should be dismissed.  (Id.)
20      In his objections, Defendant Perez asserts that the report and recommendation erroneously
21 concluded that Plaintiff, in his second amended complaint, asserted both a deliberate indifference
22 claim and a conditions of confinement claim against Defendant Perez.  Perez directs the Court to the
23 history of the case, particularly looking at the first amended complaint and the prior report and
24 recommendation and what was intended by Plaintiff and the prior Magistrate Judge's report.  (Dkt.
25 No. 59.)  According to the prior report and recommendation, "Goudlock should be granted leave to
26 file a second amended complaint asserting only his deliberate indifference to serious medical needs
27 claim and his conditions of confinement claim against 'Correctional Sergeant R. Perez.'  (Id. at 24.)
28 Although he was given leave to assert two claims against Perez, Plaintiff did not have to assert both

1    claims. On a motion to dismiss, the Court need only look at the second amended complaint to make
2    a determination whether Plaintiff has stated a cause of action against Defendant Perez. Once the
3    second amended complaint was filed, all claims in the first amended complaint not alleged in the
4    second amended complaint will be considered waived. See King v. Atiyah, 814 F.2d 565, 567 (9th
5    Cir. 1987).

6          The second amended complaint contains two counts. The first count alleges claims of "right
7    to medical care, eighth amendment, cruel and unusual punishment/treatment" against Defendants
8    Esquilin and Amiling. (SAC at 3.) The Magistrate Judge construed this claim as one of deliberate
9    indifference to serious medical needs under the Eighth Amendment. The second count alleges
10   "forced into conditions in prison in which were in-adequate for my medical condition and-
11   condoning violation by failure to act" against Defendant Perez. Defendant Perez construes the
12   second count as a deliberate indifference to serious medical needs cause of action while the
13   Magistrate Judge construed the second count as a conditions of confinement cause of action. Based
14   on the facts alleged in count two and Plaintiff's opposition where he alleges that Perez was
15   "deliberately indifference to my medical condition" (opp. at 5-6), the Court concludes that Plaintiff
16   has alleged a claim of deliberate indifference to serious medical needs in violation of the Eight
17   Amendment in count two of the second amended complaint.[2] In the motion to dismiss, Defendant
18   Perez moved to dismiss that claim against him.

19       **1.**    **Motion to Dismiss**
20         A motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure

---

[2] The Court notes that the legal analysis for a claim under deliberate indifference to serious medical needs and a conditions of confinement claim are similar. See Beyerbach v. Sears, 49 F.3d 1324, 1326 n. 1 (8th Cir. 1995) abrogation on other grounds recognized by Reece v. Groose, 60 F.3d 487, 492 (8th Cir. 1995); see Hill v. Dekalb Regional Youth Detention Ctr., 40 F.3d 1176, 1186 (11th Cir.1994) ("deliberate indifference to serious medical needs standard has an objective and a subjective component") (quotation omitted); Wilson v, Seiter, 501 U.S. 294, 303 (1991) (equating inadequate provision of medical care as a "condition" of confinement and equating subjective standard required for both types of claims); Hudson v. McMillian, 503 U.S. 1, 8–10 (1992) (observing that analysis of the objective component in a conditions-of-confinement claim is similar to the objective component of a medical needs case because both require a serious deprivation of needs). The United States Supreme Court held that "'[w]hether one characterizes the treatment received by [the prisoner] as inhuman conditions of confinement, failure to attend to his medical needs, or a combination of both, it is appropriate to apply the 'deliberate indifference' standard articulated in Estelle." Helling v. McKinney, 509 U.S. 25, 32 (1993) (quoting Wilson, 501 U.S. at 303).

12(b)(6) tests the legal sufficiency of the claims in the complaint. Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). A motion to dismiss should be granted if plaintiff fails to proffer "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

Allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. Cahill v. Liberty Mutual Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996). The court need not, however, accept as true allegations that are conclusory, legal conclusions, unwarranted deductions of fact or unreasonable inferences. See Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); Twombly, 550 U.S. at 555 (on motion to dismiss court is "not bound to accept as true a legal conclusion couched as a factual allegation."). "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences [drawn] from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) (quoting Iqbal, 129 S. Ct. at 1949).

Where a plaintiff appears in propria persona in a civil rights case, the court must construe the pleadings liberally and afford the plaintiff any benefit of the doubt. Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 623 (9th Cir. 1988). The rule of liberal construction is "particularly important in civil rights cases." Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir. 1992). In giving liberal interpretation to a pro se civil rights complaint, however, the court may not "supply essential elements of the claim that were not initially pled." Ivey v. Bd. of Regents of the Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss." Id.

**2.  Deliberate Indifference to Serious Medical Needs**

The Magistrate Judge recommended that Defendant Perez' motion to dismiss the claim for deliberate indifference to serious medical needs be denied. Defendant Perez objects to the report and recommendation because he claims that Plaintiff has failed to state a claim for deliberate indifference to serious medical needs.

1    "Deliberate indifference to serious medical needs of prisoners constitutes the "unnecessary
2    and wanton infliction of pain," proscribed by the Eighth Amendment." Estelle v. Gamble, 429 U.S.
3    97, 104 (1976) (citation omitted). This principle "establish[es] the government's obligation to
4    provide medical care for those whom it is punishing by incarceration." Id. at 103. The Supreme
5    Court has noted that "[a]n inmate must rely on prison authorities to treat his medical needs; if the
6    authorities fail to do so, those needs will not be met." Id.; see also West v. Atkins, 487 U.S. 42, 54-
7    55 (1988).

8    Thus, to establish a violation of the Eighth Amendment, Plaintiff must plead sufficient acts
9    or omissions to show that defendants were deliberately indifferent to his serious medical needs. See
10   Estelle, 429 U.S. at 106; Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir. 1989). Deliberate
11   indifference to serious medical needs occurs when prison officials "deny, delay, or intentionally
12   interfere with medical treatment." Hunt, 865 F.2d at 201 (quoting Hutchinson v. United States, 838
13   F.2d 390, 394 (9th Cir. 1984)). A section 1983 plaintiff must allege facts that show the seriousness
14   of his medical need as well as "the nature of the defendant's response to that need." McGuckin v.
15   Smith, 974 F.2d 1050, 1059 (9th Cir. 1992) overruled on other grounds by WMX Techs., Inc. v.
16   Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).

17   A medical need is serious "if the failure to treat the condition could result in further
18   significant injury or the 'unnecessary and wanton infliction of pain.'" Id. at 1059. The existence of
19   an injury that a reasonable doctor or patient would find important and worthy of comment or
20   treatment; the presence of a medical condition that significantly affects an individual's daily
21   activities; or the existence of chronic and substantial pain are examples of indications that a person
22   has a serious need for medical treatment. Id. at 1059-60 (citations omitted).

23   The report and recommendation concluded that Plaintiff's "severe sleep apnea" constituted a
24   serious medical need based on a document attached to the complaint which is not fully legible by
25   this Court. However, courts have concluded that sleep apnea may be a serious medical condition.
26   See Pierce v. Gonzales, No. 1:10cv285 JLT(PC), 2011 WL 703594, at *12 (E.D. Cal. Feb. 18,
27   2011); see also Cramer v. Iverson, No. 07-725(DWF/SRN), 2008 WL 4838715 at *3 n. 3 (D. Minn.
28   Nov. 5, 2008) (assuming that sleep apnea constitutes a serious medical condition). Therefore, for

1   purposes of this motion, the Court concludes that sleep apnea is a serious medical condition.

2         A prison official acts with deliberate indifference if he knowingly fails to respond to a
3   serious medical need, thereby inflicting harm on the plaintiff. <u>Farmer v. Brennan</u>, 511 U.S. 825,
4   838-842 (1970). "The official must both be aware of facts from which the inference could be drawn
5   that a substantial risk of serious harm exists, and he must also draw the inference." <u>Id.</u> at 837.  The
6   deliberate indifference standard "is less stringent in cases involving a prisoner's medical needs than
7   in other cases involving harm to incarcerated individuals because 'the State's responsibility to
8   provide inmates with medical care ordinarily does not conflict with competing administrative
9   concerns.'" <u>McGuckin</u>, 974 F.2d at 1060 (<u>quoting</u> <u>Hudson v. McMillian</u>, 502 U.S. 1 (1992)).  The
10  indifference to medical needs must be substantial; inadequate treatment due to malpractice, or even
11  negligence, does not amount to a constitutional violation.  <u>Estelle</u>, 429 U.S. at 106; <u>McGuckin</u>, 974
12  F.2d at 1059.  Further, a mere difference of opinion over proper medical treatment does not
13  constitute deliberate indifference.  <u>Jackson v. McIntosh</u>, 90 F.3d 330, 332 (9th Cir. 1996).

14        In ruling on a motion to dismiss pursuant to Rule 12(b)(6), a Court may consider exhibits
15  attached to the complaint, matters subject to judicial notice, or documents necessarily relied on by
16  the complaint whose authenticity no party questions.  See <u>Swartz v. KPMG LLP</u>, 476 F.3d 756, 763
17  (9th Cir. 2007); <u>Lee v. City of Los Angeles</u>, 250 F.3d 668, 688–689 (9th Cir. 2001); <u>United States v.</u>
18  <u>Ritchie</u>, 342 F.3d 903, 908 (9th Cir.2003) ( "A court may, however, consider certain
19  materials-documents attached to the complaint, documents incorporated by reference in the
20  complaint, or matters of judicial notice-without converting the motion to dismiss into a motion for
21  summary judgment.").  Plaintiff has attached exhibits to the complaint which include medical
22  records, his comprehensive accommodation chrono and his appeals through the administrative
23  process.  (<u>See</u> SAC.)  The report and recommendation and objections to the report and
24  recommendation delve into an analysis of the facts.  However, on a motion to dismiss, the Court's
25  role is to focus on the sufficiency of the a claim rather than the claim's substantive merits.

26        Plaintiff's allegations must be taken as true and construed in the light most favorable to him.
27  See <u>Cahill</u>, 80 F.3d at 337-38.  Plaintiff alleged that prior to his fall, on June 12, 2007, he told
28  Defendant Perez that he was forced in a "top bunk" on a "top tier."  (SAC at 11.)  He personally

1 informed Perez that he had "severe sleep apnea," showed him his comprehensive medical chrono,
2 stated that his condition was documented in his files, and informed Perez that at his previous facility,
3 Plaintiff had fallen from a bunk bed." (Id.) Plaintiff also claims that he spoke with Perez two
4 additional times that week before his fall. (Id.) Despite that information, Plaintiff claims that Perez
5 failed to act to remedy Plaintiff's situation. Therefore, Perez knew about Plaintiff's sleep apnea,
6 knew he had a medical chrono for a lower bunk, knew that he had previously fallen from a bunk bed
7 at his previous facility and should have drawn the inference that a substantial risk of serious harm
8 existed. See Farmer, 511 U.S. at 837.

9 Drawing all reasonable inferences from the record most favorably to Plaintiff, the Court
10 concludes that Plaintiff has alleged facts demonstrating a violation of his Eighth Amendment rights.

**D.     Qualified Immunity**

In the report and recommendation, the Magistrate Judge concluded that Defendant Perez is not entitled to qualified immunity. Defendant objects to the report and recommendation and argues that Perez should be entitled to qualified immunity.

"Qualified immunity shields federal and state officials from money damages unless a plaintiff pleads facts showing (1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established at the time of the challenged conduct.'" Ashcroft v. al-Kidd, 131 S. Ct. 2074, 2080 (2011) (citing Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)). The lowers courts have discretion to decide which of the two prongs of qualified immunity analysis to decide first. Pearson v. Callahan, 555 U.S. 223, 236 (2009).

The courts must determine whether, taken in the light most favorable to the plaintiff, the defendant's conduct violated a constitutional right, and if so, whether the right was clearly established. Saucier v. Katz, 533 U.S. 195, 201 (2001). "Where the defendant seeks qualified immunity, a ruling on that issue should be made early in the proceedings so that the costs and expenses of trial are avoided where the defense is dispositive." Id. at 200. However, "[q]ualified immunity is an affirmative defense that should be pled by the defendant." Camarillo v. McCarthy,

1 998 F.2d 638, 639 (9th Cir. 1993).³  Moreover, because facts necessary to establish an affirmative

2 defense generally must be shown by matter outside the complaint, however, a qualified immunity

3 defense is generally not amenable to a Rule 12(b)(6) motion.  See Morley v. Walker, 175 F.3d 756,

4 761 (9th Cir. 1999) (holding that, in light of the fact that all allegations in the complaint must be

5 regarded as true on a motion to dismiss, "dismissal [on qualified immunity grounds] for failure to

6 state a claim under 12(b)(6) is inappropriate.").  The court is usually "not equipped at this stage to

7 determine whether qualified immunity will ultimately protect [the defendant].  Those issues must be

8 resolved at summary judgment or at trial."  Id.; see also Groten v. California, 251 F.3d 844, 851 (9th

9 Cir. 2001) ("Rule 12(b)(6) dismissal is not appropriate unless [the court] can determine, based on the

10 complaint itself, that qualified immunity applies.") (citing Jensen v. City of Oxford, 145 F.3d 1078,

11 1085 (9th Cir. 1998)).

12       Taken in the light most favorable to the Plaintiff, the second amended complaint presented a

13 cognizable claim against Perez for deliberate indifference to serious medical care in violation of the

14 Eighth Amendment.  Second, at the time of the alleged violation, it was clearly established that

15 conduct, where a prison official fails to take action when he is informed that a prisoner has a severe

16 sleeping disorder and such disorder is documented in his files, has a lower bunk chrono and has

17 previously fallen from a prison bunk bed at another facility, is unlawful.  See Farmer, 511 U.S. at

18 838-842.  Accordingly, Defendant Perez is not entitled to qualified immunity.

19 **Conclusion**

20       Based on the above, the Court SUSTAINS in part and OVERRULES in part Defendant's

21 objections to the report and recommendation.  As modified, the Court ADOPTS the Magistrate

22 Judge's report and recommendation.  The Court DENIES Defendants' motion to dismiss the first

23 cause of action of deliberate indifference as to serious medical needs as to Defendants Amiling and

24 Esquilin.  The Court DENIES Defendants' motion to dismiss the second cause of action of

25 deliberate indifference as to serious medical needs as to Defendant Perez.  The Court DENIES

26

27     ³ The failure to assert an immunity defense in an Answer will not act as a waiver of the defense
28 so long as its assertion at the summary judgment stage does not prejudice the plaintiff.  Paine v. City of Lompoc, 265 F.3d 975, 981 n.1 (9th Cir. 2001) (citing Camarillo v. McCarthy, 998 F.2d 638, 639 (9th Cir. 1993)).

1  Defendants' motion to dismiss based on qualified immunity. The Court GRANTS Defendants'
2  motion to dismiss Plaintiff's monetary claims against all Defendants in their official capacities and
3  DISMISSES the claims with prejudice.
4       IT IS SO ORDERED.

6  DATED: March 13, 2012

                                                _____
7                                               Hon. Anthony J. Battaglia
8                                               U.S. District Judge